RAYMOND DUKE and WILLIAM HARTMAN *v.* STATE OF
TENNESSEE.

*(Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

A. S. BARGER and B. TARLETON BOWLES, both of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendants Raymond Duke and William Hartman were convicted of assault and battery and the punishment fixed at a fine of $1,000, and a jail sentence of 30 days.

The present case arose out of a strike in a coca-cola plant at Chattanooga. The drivers of the coca-cola trucks were on a strike and had thrown a picket line around the plant. The company, however, was selling coca-cola to all persons who would come and carry it away. The prosecuting witnesses were employees of a local retail establishment in Chattanooga.

On the day of the trouble they went to the plant in their truck and loaded a number of cases of coca-cola. As they started to leave the plant a number of pickets and strikers came up to their truck and assaulted them. The evidence shows that this seems not to be seriously disputed that Duke and Hartman participated in the assault. It seems that one of the defendants assaulted the driver of the truck, while the other went upon the opposite side and assaulted the other person in the truck, on whom the assault in the present case is charged to have been made. The defendants were indicted and convicted of assault upon one McDonald, who was the driver of the truck and when arraigned in the present case upon the indictment charging the assault upon Faulkner, they entered a plea

348

of *autre fois convict*. This plea was overruled by the trial judge and his action in this respect is the sole question for us.

It might be stated in the outset that the assault in question was unprovoked and inexcusable, and one of the defendants was very severely beaten by the blows. The defendants rely upon two cases of *Womack* v. *State,* 47 Tenn. 508, and *Smith* v. *State,* 159 Tenn. 674, 21 S. W. (2d) 400, wherein it was held that if one with common intent and by the same felonious stroke shall kill or wound two persons simultaneously, there is but one crime committed and a conviction or acquittal for the assault upon one bars prosecution upon the other.

However, it is insisted by the State that in the present case two separate and distinct offenses were committed. The record shows that one of the defendants assaulted McDonald, while the other assaulted Faulkner. It is true that both of defendants were convicted of the assault upon McDonald but that resulted from the fact that they were each aiding and abetting the other and that each was jointly guilty of the assault committed by the other because of the fact that they were aiding and abetting each other.

In 15 Am. Jur. Section 390, p. 65, it is stated:

"The conviction or acquittal of one charged with the murder of, or an assault upon, one person is not a bar to his subsequent prosecution for the murder of, or an assault upon, another person at the same time where the two offenses were due to separate acts; * * *"

The subject is covered in the notes to 20 A. L. R. 341 and 113 A. L. R. 222.

Here the assault of one upon McDonald would not have justified a conviction of the party who would have as-

saulted Faulkner save for the aiding and abetting or conspiracy phase of the case.

It is further insisted by the State that the above rule of law changed by the fact that a conspiracy may have existed between the parties to assault McDonald and Faulkner where the assaults consisted of separate strokes:

"* * * notwithstanding the conspiracy as planned by them, if the killing of two persons is by distinct and separate acts, though done at the same time, and as a part of the same transaction, the acquittal for the killing of one of said parties is not a bar to a prosecution for the killing of the other." *Augustine* v. *State,* 41 Tex.Cr.R. 59, 52 S.W. 77, 79.

■■ It appears that one of the defendants assaulted McDonald, while the other assaulted Faulkner. The guilt of each for the assault of the other was derivative and was in no respect abated by reason of the fact that a conspiracy may have existed. There were two separate and distinct assaults in this law violation and a conviction for one presents no bar to a conviction for the other.

It results that we find no error in the judgment of the lower court and it is affirmed.