LAWRENCE COWAN

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

BURKETT C. MCINTURFF, Kingsport, for plaintiff in error.

WALKER T. TIPTON, Nashville, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This appeal in error by Cowan is from a conviction of kidnapping, as defined by Section 39-2601, T.C.A.

Two teen-age couples riding in the automobile of one of the boys, after entering a so-called lover's lane road, finally stopped in a field at the edge of a woods. The place where the automobile was thus stopped was isolated to the extent that there was very little likelihood of the discovery at night of the presence of persons there.

About a quarter of a mile distance from this isolated place was the home in which Cowan lived. From that home it was possible to see at night the lamp lights of an automobile as it was being driven through this lane and into this isolated place. And by reason of these lights on this night, September 26-27, 1959, Cowan was made aware of the presence of this automobile at the place where it was subsequently parked. The time was about 8:30 P. M.

Cowan went at once through the woods to this parked automobile. His presence was not discovered until he was very near. An attempt was there made by the boys to drive the automobile away. Cowan stopped that by threatening to use a pistol which he exhibited. He warned them not to undertake an escape. He demanded and received the ignition key.

The two girls were seventeen and fourteen years of age, respectively. After Cowan, who was twenty-four years old, had by the force and threats stated thus detained the two couples from driving away in the car he observed first that it appeared that the two couples were there to have "some fun", meaning sexual intercourse, and that he "intended to get in on it". These young girls urged upon him the fact that they were respectable girls, of respectable families, and had no such intentions as those thus attributed to them by Cowan. Nevertheless, Cowan insisted time and again that they yield to him. He exhibited a package of contraceptives. When the girls told him that they would die rather than yield to him, he replied that "he wasn't going to take it, but he'd keep them there until they give it to him".

During the latter part of this period of time he got in the back seat of the automobile where the two girls were seated. He undertook to pull the older girl towards him and to feel of her legs. She resisted each of these advances. This went on until about 3:30 A.M. Cowan then decided to abandon his efforts, and let the two couples leave. He then turned the ignition key over to one of the boys. They left. Cowan was arrested about 8:30 the next morning.

The case as above stated is supported by the great preponderance of the evidence, although Cowan denies much of it, and disavowed any evil intentions. He admits his presence at the car. Such being the situation, the question is whether the foregoing statement of the case comes within our kidnapping statute, Section 39-2601, T.C.A. That question does not appear to have heretofore arisen in this jurisdiction.

Our kidnapping statute (39-2601, T.C.A.) provides, in so far as pertinent here, as follows:

"Any person who forcibly or unlawfully confines * * * another, with the intent to cause him to be secretly confined, or imprisoned against his will, * * * must, on conviction, be imprisoned" for not less than two nor more than ten years.

In the New York case of *People v. Florio,* 301 N.Y. 46, 92 N.E.2d 881, 883, 17 A.L.R.2d 993, 998, it was held that the object of the statute of that State very similar to the one involved here is "to secure the personal liberty of citizens and to secure to them the assistance of the law necessary to release them from unlawful restraint". There can be no doubt that these couples were being deprived of their personal liberty by Cowan for a period at night of seven hours, and at this isolated place where it was quite unlikely that they could secure "the assistance of the law necessary to release them from" this unlawful restraint.

In the New York case, supra, a young woman had by deception been enticed into the automobile of defendants. They then took her into another county of the State and assaulted her. The Court held that the offense was kidnapping, notwithstanding the fact that it was also

rape. In so doing, they quoted at page 883 of 92 N.E.2d, at page 998 of 17 A.L.R.2d from the holding of *State v. Leuth,* an Iowa case, reported in 128 Iowa 189, 103 N.W. 345, as follows:

"The confinement and detention in the automobile for a short time, coupled with the intent, brings the case within the purview of the statute."

The annotation appearing at page 721 of 68 A.L.R. reports the Nebraska case of *Brown v. State,* 111 Neb. 486, 196 N.W. 926, as holding that the imprisonment of a female for the purpose of compelling her to consent to sexual intercourse by threats to injure her "was a violation of the statute defining the offense of kidnapping".

The Alabama statute, as it appears in the case of *Doss v. State,* 220 Ala. 30, 123 So. 231, reported at page 712 et seq. of 68 A.L.R. is identical with our kidnapping statute. In that case the defendant, as a member of a band of klansmen, found a person drunk near a church. He took him to the woods and gave him a whipping. It was held that this amounted to a kidnapping under the statute, and that the secrecy necessary for the conviction had been established. Attention is called to the fact that he was taken to the woods for the whipping.

There can be no question but that the great preponderance of the evidence in this case establishes it as a fact that Cowan forcibly and unlawfully confined these two couples at an isolated place during the night time for a period of seven hours for the purpose of thereby coercing one or both of these girls to have sexual intercourse with him. On principle the acts of this defendant fall within the meaning and intent of our kidnapping statute. It seems likewise from the cases in the annotations

announced in A.L.R. and A.L.R.2d that the decisions of other jurisdictions are to that effect.

When Cowan came upon this car he at once took a flash light picture of the car, its occupants and the surroundings. When he was arrested the next morning there was found in his room, or under his control there, a number of pictures of nude women, etc. In the course of cross-examination about these matters the attorney who was associated with the Attorney General made certain quite strong remarks about these pictures and about the defendant in connection therewith. The pictures were not admitted into the evidence and the jury was instructed to ignore these statements.

██ The attorney associated with the Attorney General did in his professional enthusiasm make a mistake in uttering these remarks. Nevertheless, the fact that Cowan committed the acts in question is established by such an overwhelming preponderance of the evidence that it seems inconceivable to this Court that the remarks of this attorney could have influenced the jury to return any verdict other than the one returned. The Harmless Error Statute (Section 27-117, T.C.A.) therefore, applies. It might here be observed that the jury gave him the minimum punishment allowed by the statute.

Judgment affirmed.