Louis Allen McCRACKEN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 7, 1972.

Certiorari Denied by Supreme Court
Dec. 4, 1972.

## OPINION

JOHN D. TEMPLETON, Special Judge.

Louis Allen McCracken was convicted in the Criminal Court of Sullivan County of assault with intent to commit murder in the first degree on three presentments and kidnapping, T.C.A. 39–2601, on five presentments. The eight cases are related and were tried together. His imprisonment was fixed at three to 18 years on each of the assault convictions and two to eight years on each of the five kidnapping convictions. The Judge ordered the sentences to run consecutively except he ordered the kidnapping sentences to run concurrently with each other which made only one kidnapping sentence cumulative. McCracken filed his appeal in the nature of a writ of error. We affirm the assault judgments but reverse and remand the kidnapping judgments because we think the kidnapping presentments fail to charge the crime for which McCracken was convicted and the judgments thereon are void.

The first assignment of error challenges the sufficiency of the evidence. McCracken did not testify and offered no proof. Owing to the question about the kidnapping charges dealt with later the facts proved by the State now are recited in more detail than usual.

McCracken and Carolyn Lambert lived together about a year without being married, each having another spouse at the time. They separated and she returned to the home of her parents, Andrew and Jewel Woodby, who lived in an isolated part of Sullivan County. He wanted her to resume the relationship but she would not and in this connection he threatened to harm her and her mother. On the night of June 20, 1971 which was shortly after the separation the Woodby family had just gone to bed when a shotgun was fired through a bedroom window into the bed where Carolyn Lambert was sleeping, slightly wounding her in the foot and leg. Andrew Woodby then fired his shotgun out of his

C. Wythe Edwards, Blountville, Bobby Ray Tate, Kingsport, for appellant.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Kingsport, William R. Mooney, Asst. Dist. Atty. Gen., Bristol, for appellee.

bedroom window at someone outside without effect and his fire was returned by three or four shots from outside, wounding him in the hip and shoulder. At intervals for about an hour other shots were fired into the house from outside and Jewel Woodby was struck in the hip and eye. Andrew and Jewel Woodby were wounded seriously, requiring hospitalization. The intruder was heard outside the house through the balance of the night during which the Woodbys, including another daughter and a niece, huddled on the floor. The telephone was disconnected outside, making it impossible to summon help. A light on the front porch was shot out and other electric service interrupted. After daylight, about 7:00 A.M., Andrew Woodby saw McCracken about 50 feet away squatted down in the edge of the woods that surrounded the house. He had a long barreled gun in his lap. He had on a white T-shirt which he took off and used to swat insects. After watching him about five minutes Woodby fired two shots at him with a .22 caliber rifle, the bullets passing through the kitchen and storm doors, but he did not move. Leaving Carolyn Lambert holding the rifle Woodby crawled out the bathroom window and went to the home of his wife's parents nearby and called the Sheriff's office. When the officers arrived McCracken was gone. Warren Rouse who lived nearby and had heard the shots the night before was up about 7:00 A.M. and saw a man wearing a white T-shirt walking through the woods away from the vicinity. About 8:45 P.M. that day two deputy sheriffs found McCracken walking along a highway in Sullivan County wearing a white T-shirt. McCracken fled down a 50 foot bank when he saw the officers but stopped and was arrested when one of them called out and fired a shot into the air. McCracken was thoroughly familiar with the Woodby house, including where the Woodbys slept. Andrew Woodby was well acquainted with McCracken. A cigarette lighter belonging to McCracken was found near the house after the crimes were committed.

The evidence does not preponderate against the judgments in the three assault cases and the first assignment of error is overruled as to them. The assignment with respect to the kidnapping cases is passed over as not necessary to be decided in view of the disposition made of these cases later.

The second assignment of error complains that the Judge allowed the District Attorney General in argument to improperly characterize defense counsel. The District Attorney commenced his final summation professing impartiality and an interest in only one thing, "and that is justice". He then continued: "It's very different now for that of defense counsel. His duty is to his client, to get him off. Not to do justice". Defense counsel objected, "to what his duty is to his client". The Judge overruled the objection. Technically the Judge was right because the objection was phrased as one directed to what the District Attorney had said about his own duty to represent the State which was unobjectionable. But we think the Judge should have recognized that counsel intended to object to the characterization of his role as defense counsel and should have sustained the objection. However, we think the incident did not affect the outcome of the trial and was harmless error. T.C.A. 27–117. The assignment is overruled.

The third and fourth assignments of error complain that the District Attorney General argued to the jury plaintiff in error's guilt on account of failure to testify. Our rule is that while no argument of guilt may be based on the failure of the accused himself to take the stand it may be based on his failure to offer other witnesses. Hays v. State, 159 Tenn. 388, 19 S.W.2d 313 (1929). Literally the argument was restricted to failure to offer other witnesses and in this particular case we think it did not impinge upon plaintiff in error's right guaranteed him by our constitution and statute and the federal constitution. Art.

1, Sec. 9, Const. of Tenn., T.C.A. 40–2403, Fifth Amend., Const. of U.S. The third and fourth assignments of error are overruled.

We do not wish to be understood to say that an argument literally restricted to a comment on failure to produce other witnesses always will avoid comment on failure of the accused himself to testify. Such an argument may be and unfortunately sometimes is a vehicle used by the State to get over to the jury by indirection an inference that the accused is guilty because he has not testified. The argument is particularly suspect when it contains a reference to the accused's common law presumption of innocence as his only witness. The comment never should be allowed as a part of the argument that the State's proof is unrefuted or otherwise because it borders so perilously on the proscribed area. Even in a case such as this where the evidence of guilt is clearly made out we would not hesitate to reverse and remand if we thought an argument, however subtle and indirect, told the jury it could infer the accused was guilty because he did not take the witness stand.

█ The fifth assignment of error complains that the evidence describing the scene was inadmissible because the State denied plaintiff in error's counsel the right to inspect the place before the trial. The sixth assignment complains that the testimony of Carolyn Lambert was inadmissible because the State prevented counsel from interviewing her. We find as the Judge did that there was no suppression of evidence by the State. The fifth and sixth assignments are overruled.

█ The seventh assignment is, "It was error to charge the jury under the terms of T.C.A. 39–2601, when the presentment in each case called for T.C.A. 39–2602". The five kidnapping presentments are alike except each names as a victim a different one of the five occupants of the house. Thus, one presentment charges that the defendant, "did unlawfully, forcibly and feloniously confine Carolyn Lambert with the intent to cause her to be imprisoned against her will in violation of Section 39–2602 of the Tennessee Code Annotated . . .". The offense otherwise described in the presentment could not be a violation of T.C.A. 39–2602 and the code reference is a clerical error. The presentment purports to charge a violation of T.C.A. 39–2601 except for this erroneous reference. The Judge brought this up when the trial began and decided the defendant would be tried on the offense denounced by T.C.A. 39–2601 which was done. A criminal charge states the facts constituting the offense and it is not necessary to add that the offense is contrary to a statute. T.C.A. 40–1802. We think the Judge properly treated the reference to T.C.A. 39–2602 as surplusage and could try the defendant under T.C.A. 39–2601 if the presentment charged a violation of that statute. The seventh assignment of error is overruled.

We have gone over the record and find no merit in the eighth assignment of error which complains that the Judge commented on the evidence about the initials on the cigarette lighter and overrule the assignment.

The ninth assignment complains it was error to run the three felonious assault convictions consecutively. The assignment is expanded in the brief to include as error running a kidnapping conviction consecutively. This is said to be error because the offenses were all one criminal act and intent. Patmore v. State, 152 Tenn. 281, 277 S.W. 892 (1925) is relied on.

█ Assuming that the objection includes a claim that the Judge abused the discretion granted him under T.C.A. 40–2711 to fix sentences concurrently or cumulatively, we find no abuse and overrule that part of the assignment.

█ As shown by the facts related earlier plaintiff in error fired into the house a number of times over a period of about an hour during which Carolyn Lambert,

Andrew Woodby and Jewel Woodby were wounded separately and successively. Under these circumstances the principle relied on has no application and plaintiff in error could be convicted and sentenced on the three assault presentments. Duke v. State, 197 Tenn. 346, 273 S.W.2d 142 (1954); Morgan v. State, 220 Tenn. 247, 415 S.W.2d 879 (1967). This part of the assignment is overruled.

The Judge was of the opinion the kidnapping of all five persons was but one criminal offense and he ran the sentences for kidnapping concurrently with each other on this account. However, he ran them consecutive to the assault sentences, or in effect ran one kidnapping sentence consecutive to them. The assignment of error on this action is not clear but Patmore v. State, supra, is relied on. It is assumed the complaint is no sentence at all could be imposed for kidnapping in view of the sentences for assault because the offenses were committed at the same time as part of a single criminal act and with the same criminal intent essential to each offense.

If we took this question up and decided it for the plaintiff in error the assignment would be good and the kidnapping cases would be reversed. If we decided it the other way we would then have to inquire into and determine whether the crime of kidnapping is made out by the proof and if so whether the Judge should have treated it in his charge and judgment as only one offense for which only one sentence could be fixed. This involves an inquiry into the sufficiency of the evidence along with other determinations which we believe unnecessary for a proper disposition of the kidnapping cases. We think we should dispose of them on the ground alluded to earlier although it is not raised by the assignments of error.

T.C.A. 39–2601 provides, "Any person who forcibly or unlawfully confines, inveigles, or entices *away* another, with the intent to cause him to be *secretly* confined, or imprisoned against his will, or to be sent out of the state against his will, must,

on conviction, be imprisoned in the penitentiary for not less than two (2) years nor more than ten (10) years". (Emphasis supplied.)

"At common law the offense of kidnaping was defined as the forcible abduction or stealing of a person and sending him into another country. It was regarded as an aggravated form of false imprisonment, since it embraced all of the elements of that offense, with the additional element of carrying the victim out of his own country and beyond the protection of the laws". Wharton's Criminal Law and Procedure, Sec. 371. The elements of the crime of kidnapping depend on the wording of the statute under consideration and in order to constitute the offense all of the elements must be present. An asportation may be an element, similar to the carrying out of the country as at common law, if the statute provides for it. 51 C.J.S. Kidnapping § 1 (b)(1) and (8). The distance of the removal is not important but the fact of it is. 1 Am.Jur.2d, Abduction and Kidnapping, Sec. 18.

█ We think an asportation of some kind is an essential element of the crime defined in T.C.A. 39–2601. This appears from the phrase, "confines, inveigles or entices away". The word "away" is a common word with a well understood meaning. It may be more awkward to apply it to the word "confines" than to "inveigles" and "entices" but it fits in some cases and grammatically it is an adverb that modifies all three verbs.

Secrecy was not an element of the offense of kidnapping at common law. Only a few statutes make it an essential element. 1 Am.Jur.2d, Abduction and Kidnapping, Sec. 14. T.C.A. 39–2601 contains it. What circumstances will make up the element are delineated in our State and elsewhere. Cowan v. State, 208 Tenn. 512, 347 S.W.2d 37 (1961); 68 A.L.R. 719. Again, grammatically the word "secretly" is an adverb that modifies both "confined" and "imprisoned" in the statute. In another state that

**53**

has precisely the same law as ours it has been held the adverb modifies both words. Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712 (1929).

The presentment does not contain these two essential elements of the offense. The omission is not the kind that proof can cure or is waived by failure to move to quash. The judgment can be arrested. The judgment is a nullity. Sherod v. State (Tenn.Cr.App.1970), 470 S.W.2d 860. Warden v. State, 214 Tenn. 391, 381 S.W. 2d 244 (1964).

The three convictions for assault with intent to commit murder in the first degree are affirmed. The five convictions for kidnapping are reversed and remanded for proceedings consistent with this opinion.

RUSSELL and OLIVER, JJ., concur.