Hassell **CHERRY, Jr.,** Plaintiff-in-Error,

v.

**STATE of Tennessee,** Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 4, 1976.

Certiorari Denied by Supreme Court
June 1, 1976.

Jennings B. Meredith, Oak Ridge, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Richard Lodge, Asst. Atty. Gen., Nashville, James B. Scott, Jr., Dist. Atty. Gen., Clinton, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Hassell Cherry, was convicted in Anderson County of (1) kidnapping and sentenced to four to ten years in the penitentiary and (2) assault and battery with intent to commit rape and sentenced to six to twelve years in the penitentiary. The trial judge ordered the

sentences to be served concurrently. He directed a verdict for the defendant in a charge of robbery heard at the same time.

On his appeal in error the defendant first says the court erred in overruling his plea in abatement. In addition to the kidnapping charge, he was first indicted for assault with intent to commit rape. An order nolle prosequi was entered as to that indictment and at the next term of court the grand jury indicted him for assault and battery with intent to commit rape. The defendant cites no authority to support his claim that this procedure was vexatious and oppressive. The assignment is without merit.

The state's evidence showed that on November 2, 1974, Connie Burris, then 16 years of age, left Walgreen's store in Oak Ridge and seated herself in her automobile when the defendant approached her with an open knife and ordered her to get over. He took the driver's seat and drove into the country, telling her he was going to make love to her, rape, kill her and throw her from a bridge. Several times he put the knife to her throat and said he was going to rape and kill her. Frightened at his threats, Miss Burris jumped from the car when the defendant slowed at an intersection. From there she was taken to a hospital but was not seriously injured.

The next day, on learning that officers were looking for him, the defendant went to the police station and gave a written statement saying that he followed Miss Burris to her car; that he had his knife out and asked her to move over; that he put his knife up and thought he was driving home but he was drunk and was driving in the wrong direction; that he slowed for a caution light and Miss Burris jumped out. He then parked the car and went to sleep in the woods.

The defendant had been buying beer that evening in Walgreen's and a few minutes before this incident he had told a woman cashier there that he wanted sexual intercourse with her and he exposed himself to her.

The defendant offered evidence that he was intoxicated that day and had been sent home by his employer for that reason. In his testimony he said he was drinking beer and also took some pills that day. He said he had a closed knife in his hand when he told Miss Burris to move over; that he wanted to go to his mother's home near Knoxville. He said he put his knife away and he was about three miles from his mother's home when Miss Burris jumped from the car at a caution light. He then went in the woods and went to sleep rather than continue to his mother's home. By his testimony he did not touch Miss Burris and did not intend to harm her.

This evidence supports both the conviction of kidnapping and assault and battery with intent to rape. The elements of kidnapping as defined by TCA 39–2601 are shown here. See *Cowan v. State,* 208 Tenn. 512, 347 S.W.2d 37; *McCracken v. State,* Tenn.Cr.App., 489 S.W.2d 48. The defendant touched Miss Burris with the knife, pulled her to him and, using vile language, told her he intended to rape and kill her. The jury was warranted in believing her escape prevented his intention to rape her. See *Patterson v. State,* 218 Tenn. 80, 400 S.W.2d 743. The assignments on the weight and sufficiency of the evidence are overruled.

The defendant contends that both convictions cannot stand. He relies on *Acres v. State,* Tenn., 484 S.W.2d 534, for the proposition that the two crimes were part of a single continuing act inspired by the same criminal intent and were susceptible to but one punishment.

Although these offenses occurred in a single criminal episode, under the rules laid down in *State v. Black,* Tenn., 524 S.W.2d 913 (1975), they are not identical offenses and different evidence is required to prove each offense. Kidnapping requires asportation which is not found in assault and battery with intent to commit rape. Both convictions can stand under these principles. This assignment is meritless.

■ The defendant complains of the admission into evidence of his conduct in exposing himself to the cashier at Walgreen's shortly before these offenses. This evidence was admissible on the issue of his intent. See *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523.

The defendant challenges the admissibility of his statement. In a hearing out of the presence of the jury, the officers testified they gave the defendant proper warnings and he voluntarily made the statement to them. The defendant testified he was not warned until after he had made the statement. The trial judge accepted the officers' testimony on this issue and the evidence does not preponderate against his finding. His testimony before the jury is essentially that of his statement.

■ We find no prejudice in the judge's remarks in holding the statement admissible that the defendant was aware of his rights and understood them even before being advised of them.

■ The defendant says the court erred in its instructions to the jury that voluntary intoxication will not mitigate and cannot be invoked as a defense to the crime of assault and battery with intent to commit rape. He offered no special request on this issue. Although he was drinking beer, by his testimony he remembers in detail his acts and conversation on this occasion.

In *Walden v. State,* 178 Tenn. 71, 156 S.W.2d 385, our Supreme Court held that in the crime of rape no intent is requisite other than that evidenced by the doing of the acts constituting the offense. See *Steele v. State,* 189 Tenn. 424, 225 S.W.2d 260; *Harris v. State,* 206 Tenn. 276, 332 S.W.2d 675. In the light of these authorities, we hold the instructions on this question were adequate in this case.

■ The defendant says the court erred by refusing to permit him to present evidence to the jury and in refusing to allow argument on it. He wanted to present to the jury the original indictment charging assault with intent to commit rape rather than assault and battery with intent to

commit rape. By this he sought to show that Miss Burris had changed her testimony on the question of a battery. The first indictment had been dismissed. The defendant was given the opportunity on cross-examination of Miss Burris to show any inconsistent statements. She did not draw the indictment and the court did not err in refusing to permit it to be presented to the jury.

All assignments are overruled and the judgment is affirmed.

DUNCAN, J., and JAMES C. BEASLEY, Special Judge, concur.