Johnny Mack **BROWN**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 15, 1978.

Certiorari Denied by Supreme Court Nov. 13, 1978.

Glen B. Rutherford and James M. Moore, Jr., Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., James Russell Dedrick, William H. Crabtree, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of armed robbery and sentenced to twenty-five (25) years. He was also convicted of kidnapping and sentenced to four (4) to ten (10) years.

On February 5, 1977, at approximately 2:00 p. m. a man came to the door of a room in the Heart of Knoxville Motel which was occupied by Clifford Ballard and asked to use the phone, which he was allowed to do. Subsequently, the man returned to Ballard's room and asked for a dime in order that he might use a pay phone. On a third visit to this room, this man was allowed to enter whereupon he placed a knife to Ballard's throat. Ballard was tied hand and foot and placed in a closet in the room. The attacker then tied a cord around Ballard's neck and attached one end of the cord around the metal hanging rack in the closet. The intruder then threatened to kill Ballard if he made any noise or told anyone what had occurred. The attacker then left the room. The man returned some time later and discovered that Ballard had attempted to free himself whereupon he again threatened Ballard and stuffed a towel into his mouth.

This man again left the room and returned some time later in company of a woman and another man. During this foray, the original intruder threatened to kill Ballard. The man and woman who had accompanied him on the last entry into Ballard's room told him not to do this and suggested that he merely rob Ballard. The man then took Ballard's watch and nineteen dollars ($19.00) which he had. As the man who had done these nefarious deeds was leaving the room, the other man and woman said they would stay with Ballard because the man who had robbed him was mean and would kill him.

Ballard testified the Appellant was the man who bound him, placed him in the closet and subsequently robbed him. No evidence was offered to refute this testimony.

The police investigation revealed that the man and woman who accompanied the Appellant on the third entry into Ballard's room were the Appellant's brother and sister-in-law.

The Appellant says it was error to allow Ballard to testify to the statements made by the Appellant's brother and sister-in-law about staying with him because the Appellant was mean and would kill him. Appellant also says the offense of kidnapping was not shown because there was no evidence of asportation and the convictions for kidnapping and armed robbery cannot stand because they arise from one transaction and would thus be a violation of the double jeopardy prohibition.

The judgments are affirmed.

■ We are of the opinion the testimony by Ballard concerning the remarks made by Appellant's brother and sister-in-law are admissible.

When these three people entered Ballard's room, they appeared to be acting in concert. One of them suggested the Appellant rob rather than kill Ballard. A climate of fear was obviously established by the Appellant's previous mistreatment of Ballard and these people exacerbated it. Their statements were made so close to the commission of the crime as to be inseparable therefrom, and were made while the Appellant was present. We do not think this assignment requires extended discussion to show that the statements were admissible as part of the res gestae.

The Appellant's attack upon the conviction for kidnapping is centered upon the assertion that in order for a conviction to stand for this offense there must be asportation, which he says is not shown in this case. This assertion is made upon the authority of *McCracken v. State,* 489 S.W.2d 48 (Tenn.Cr.App.1972). The State responds that *McCracken* is not authority for the proposition that asportation is a necessary element in cases of kidnapping, but that the expression stating this proposition in *McCracken* is limited to that case because of a defect said to have been present in the indictment. In the alternative, the State suggests if *McCracken* was intended to adopt asportation as a broad requirement in cases of kidnapping, it is an unfortunate and erroneous statement of the law of this State. The State asserts asportation is not required in a case of kidnapping and relies upon *Cowan v. State,* 208 Tenn. 512, 347 S.W.2d 37 (1961) in support of their position.

*McCracken* does in fact broadly state that asportation is required in a prosecution for kidnapping under T.C.A. § 39–2601 and thus supports the Appellant's position. On the other hand, *Cowan* supports the position of the State that asportation is not a necessary element of kidnapping under our statute.

■ We are of the opinion that neither asportation nor secrecy are essential elements in prosecutions under T.C.A. § 39–2601.

The prosecution in this case was based on T.C.A. § 39–2601 which is as follows:

"39–2601. Definition—Penalty.—Any person who forcibly or unlawfully confines, inveigles, or entices away another, with the intent to cause him to be secretly confined, or imprisoned against his will, or to be sent out of the state against his will, must, on conviction, be imprisoned in the penitentiary for not less than two (2) years nor more than ten (10) years. [Code 1932, § 10794.]"

This statute first appeared in the 1932 revision of the code as section 10794, *Shannon's Code of Tennessee 1932.*[1]

Prior to 1932, our statutes which were generally indexed or considered as dealing with kidnapping prohibited the kidnapping of children under the age of twelve (12), *Thompson's Shannon's Code 1896,* § 4619, and children under the age of sixteen (16), *Shannon's Code 1917,* § 6465, and the seizure and confinement of free persons with the intent to make them slaves, *Tennessee Code of 1858,* Article 4, Section 4619–4625; *Thompson and Stegers' Statutes of Tennessee 1871,* Article 4, 4619–4628.

Presumably, any prosecutions for kidnapping other than those statutorily defined prior to 1932 would be under the common law definition. We are unable to find, however, any reported cases dealing with kidnapping prior to adoption of the present statute with the exception of *Hicks v. State,* 158 Tenn. 204, 12 S.W.2d 385 (1928), which was prosecuted under a statute involving the kidnapping of children. The reported cases dealing with kidnapping in the context of this case are subsequent to the enactment of T.C.A. § 39–2601, the pertinent cases being *Cowan* in 1961 and *McCracken* in 1972.

The *McCracken* case and several cases of our sister states founded their analysis of what elements are required in a case of kidnapping upon the common law requirements. At common law, kidnapping was distinguished from the offense of false imprisonment by the element of asportation. *Wharton's Law of Criminal Procedure, Vol. I,* p. 735. The "carrying away" had to be beyond the boundaries of the realm and thus beyond the reach of the law of the land so the abducted person could not apply to the authorities for assistance in his plight.

The common law rule has been significantly modified by statute in several states. No longer is it required that the asportation be beyond a natural or regional boundary. *See* "A Rationale of the Law of Kidnapping", 53 *Columbia L.Rev.* 540.

---

1. This statute was adopted by the Legislature, along with other statutes as proposed by the commission on revision, without a separate and specific act on the subject being passed.

Another modification frequently seen in legislation dealing with kidnapping is that no distinction is made between kidnapping and false imprisonment. Most states, including Tennessee, do not have a separate false imprisonment statute.

■ We are of the opinion that T.C.A. § 39–2601 combines the common law offenses of kidnapping and false imprisonment. Kidnapping is now a statutory crime; the application of this statute should not be so bound by the common law rule as to allow the purpose of the statute to be frustrated. Rather, this statute should be construed to carry out the intent of the Legislature and such a construction should not be strained or artificial. *State ex rel. Webster v. Daugherty,* 530 S.W.2d 81 (Tenn.Ct.App.1975).

In construing a statute similar to ours, Minnesota, Montana and Alabama determined that it was the intent with which the confinement was done that was the essential element of the offense. Asportation and secrecy were not required. *State v. Croatt,* 227 Minn. 185, 34 N.W.2d 716 (1948); *Ex parte McDonald,* 50 Mont. 348, 146 P. 942 (1915); *Doss v. Alabama,* 220 Ala. 30, 123 So. 231 (1929). Other states, relying on the common law, have construed their statutes to require secrecy or asportation or both. *Am.Jur.2d,* Abduction or Kidnapping, § 14, p. 168–170; *Wharton's Criminal Law and Procedure,* § 371, p. 375; 68 *A.L.R.* 712.

■ While asportation and secrecy were elements of the crime of kidnapping at the common law, it is our view that under our statute the intent with which the perpetrator acts is the controlling element of this crime.

■ Under T.C.A. § 39–2601, if a person forcibly or unlawfully confines another, or inveigles or entices another away, with the intent to (1) cause him to be secretly confined, or (2) cause him to be imprisoned against his will, or (3) cause him to be sent out of the state against his will, the offense is complete. The proscribed acts are disjunctive and independent of one another.

The confinement or enticement may be done with the intent to accomplish only one of the purposes enumerated in the statute, or it may be done with the intent to accomplish all or any combination of these purposes. Before a conviction can be had the indictment must aver, and the proof must show, the intent with which the confinement or enticement was done. The intent is a question for the jury and may be inferred from all the facts and circumstances shown by the proof. *Hall v. State,* 490 S.W.2d 495 (Tenn.1973).

■ It is not necessary for the intended acts to be fully realized. It is not necessary for the victim to be moved any distance, or even for the victim to actually be secretly confined. The crime is complete if the perpetrator forcibly or unlawfully confines the victim, or inveigles or entices him away, with the intent to do the acts proscribed. If the purpose is achieved, the offense is, of course, completed; but we hold that actual asportation or actual secret confinement is not essential to the offense if the requisite intent is shown. The intent is the essential element. *Doss v. Alabama, supra.*

If asportation and secrecy were required, a person could forcibly or unlawfully confine another, or inveigle or entice them away for one of the purposes enumerated in the statute subjecting them to dangers inherent in such interference with the rights of a person, and be guilty only of assault and battery or some other lesser crime merely because they were unable to effect secrecy or because it was not necessary to transport the victim to another location to accomplish their purpose.

Statements to the effect that asportation and secrecy are required to show a violation of T.C.A. § 39–2601 come for the most part from *McCracken v. State, supra,* which relied on *Doss v. Alabama, supra.* However, in *Doss* the Alabama Court, in construing a statute identical to T.C.A. § 39–2601, was of the opinion that the *intent* with which the victim was confined or inveigled or enticed away was an essential element of the offense. Nowhere in the *Doss* opinion is asportation made the controlling element of the offense.

*McCracken* further cited *Cowan, supra,* as imposing secrecy as an essential element to show a violation of T.C.A. § 39–2601. *Cowan* did not make secrecy an essential element of the offense denounced by the statute. The Court in *Cowan* related the facts of the confinement which showed the people were held in a vehicle during darkness on a remote roadway. The setting where the victims were held was created by them. They voluntarily drove to this area at night time. The accused found them where they were parked; he confined them there without moving them. The secrecy of the holding was inherent in the setting and time selected by the victims. The secrecy was incidental to the unlawful confinement and was not created by the accused. *Cowan* did not adopt the requirements of secrecy or asportation, notwithstanding statements in our cases to the contrary.

█ We conclude, therefore, that the essential element necessary to show a violation of T.C.A. § 39–2601 is the intent with which one confines another or inveigles or entices another away. Neither actual asportation nor actual secret confinement of the victim need be shown if the unlawful intent to accomplish one of the proscribed purposes exists.

█ Some states have been reluctant to depart from a requirement of asportation or secrecy for fear that police officers or other officials might be subjected to prosecution when making arrests which later are determined to be unlawful or otherwise improper. However, where the unlawful intent is not present no criminal liability would attach in those situations.

█ In this case the binding of the victim and placing him in the closet is suffi-cient to show a violation of T.C.A. § 39–2601 if asportation and secrecy were required. However, as we have stated, we are of the opinion that these were not essential to show a violation of this statute.

The Appellant's claim that the State should have been required to elect whether to proceed on a charge of robbery or a charge of violation of T.C.A. § 39–2601 is not supported by the facts of this case.

█ If the facts on which the kidnapping charge is based are an integral part or essential element of the other felony being committed, then a separate conviction for the two offenses cannot be had. *People v. Adams,* 34 Mich.App. 546, 192 N.W.2d 19 (1971). If the facts of the kidnapping are separate and apart from the other felony and are not an integral part or essential element of the other felony, then two convictions may be had. *Cherry v. State,* 539 S.W.2d 51 (Tenn.Cr.App.1976); *Jackson v. State,* 540 S.W.2d 275 (Tenn.Cr.App.1976).

█ . In this case, the acts of violation of T.C.A. § 39–2601 were completed prior to and were unconnected with an essential element of the robbery. Therefore, the State could seek and secure a separate conviction without violating the double jeopardy rule. *State v. Black,* 524 S.W.2d 913 (Tenn.1975).

O'BRIEN and DAUGHTREY, JJ., concur.