**STATE of Tennessee, Appellee,**

v.

**William Lee HENDERSON, Appellant.**

Supreme Court of Tennessee.

Aug. 24, 1981.

James L. Weatherly, Jr., Senior Asst. Public Defender, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Justice.

Defendant was convicted of two counts of robbery, kidnapping with intent to rob and criminal sexual conduct in the first degree, as a result of a criminal episode of several hours duration. We granted his petition for a T.R.A.P. 11 appeal limited to two issues. The first issue is whether the two robbery counts should be merged into one offense under *State v. Black*, 524 S.W.2d 913 (Tenn.1975) and the second issue is whether the kidnapping with intent to commit robbery should be reduced to simple kidnapping, because of the alleged absence of intent to commit robbery.

The majority of the Court of Criminal Appeals affirmed both counts of robbery, kidnapping with intent to rob and criminal sexual conduct in the first degree. The dissenting judge was of the opinion that one of the robbery convictions should be set aside and that the conviction for kidnapping with intent to rob should be reduced to kidnapping.

### I.

The facts relevant to a decision of these issues were undisputed, the victim being the only witness that related the events of the criminal escapade of defendant Henderson and his co-defendant Scott on June 16, 1978. Scott's appeal is not before the Court.

The victim, a thirty-six year old female was the only employee of the Gifford Company, doing business as Budget Gas, on duty at that company's self-service station located at I–40 and Bell Road in Davidson County when Henderson and Scott drove into that station at 11:30 p. m. on June 16, 1978. She observed them from the office where it was necessary that customers enter by the door to pay for gas as there was no window or sliding tray for that purpose. Both men got out of the car, Henderson began filling the car with gas and Scott entered the station office, said he wanted to pay for five dollars worth of gas and handed her a five-dollar bill. He then asked for two packages of cigarettes. The victim turned away from him, got the cigarettes, and when she faced Scott again he was pointing a .38 snub-nosed revolver at her. He demanded all of the money and she gave him all of the paper money belonging to her employer whereupon Scott said, "You are coming with me." The victim was directed at gunpoint to enter the front seat of the car and Scott entered the front seat beside her on the passenger's side. As Scott was directing her into the vehicle he told Henderson not to stop at five dollars but to fill the car with gas. When Henderson finished filling the car with gas, he entered the office and brought to the car a large box containing cartons of cigarettes, a trash can filled with loose packages of cigarettes, loose change and rolled coins and the victim's purse that was sitting on the counter. Henderson then got into the car with Scott and the victim and drove away on Bell Road. A short distance away from the station the victim was ordered into the back seat and was subjected to sexual abuse by both Scott and Henderson over a period of several hours before they returned to the area of I–40 and Bell Road. She was then released after Henderson and Scott threatened to harm her children if she called the police.

### II.

Henderson and Scott were jointly indicted in count one for armed robbery by tak-

ing property belonging to the Gifford Company. The second count of the indictment charged defendant and Scott with armed robbery by taking property belonging to the victim. Employee testified that while Henderson was raping her, Scott was going through her pocketbook and asked her about some pills she had in a purple box. She had fifty-five dollars in her purse that was removed, implicitly at that time.

■ Henderson was convicted of simple robbery on both counts. He contends that conviction under both counts is constitutionally prohibited double-jeopardy as defined in *Blockburger v. U. S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and *State v. Black, supra*, because the facts show there was only one continuing act of robbery. Henderson further argues that the majority opinion of the Court of Criminal Appeals was premised upon a finding that two separate robberies occurred at different times; namely, that the company robbery took place at the service station and the employee robbery took place hours later in the Oldsmobile, miles away from the station when Scott lifted the fifty-five dollars from the purse. It is true the Court of Criminal Appeals did rely on the employee robbery as occurring in the car, hours after the company robbery at the gas station. We agree with defendant that the robbery of the employee was completed at the service station where her purse was taken, and its possession was never relinquished. The rummaging through it and removal of fifty-five dollars later in the car was of no legal significance upon the issue of whether the two criminal convictions of Henderson for robbery are valid.

We are again confronted with the intractable "identity of offenses" problem that was extensively reviewed in *State v. Black, supra*. Upon subjecting these facts to the test approved in *Black*, it is apparent that the only element of proof upon which two offenses might be predicated was that property belonging to two separate owners was taken in the robbery of the gas station.

Dual and multiple convictions of robbery have been sustained where a defendant robs two or more persons, although the robberies took place as a single act, at the same time and in the same place. *See Moore v. State*, 563 S.W.2d 215 (Tenn.Crim.App.1978); *Wiley v. State*, 552 S.W.2d 410 (Tenn.Crim.App.1977); *Morgan v. State*, 220 Tenn. 247, 415 S.W.2d 879 (1967); and *Wilkerson v. State*, 211 Tenn. 32, 362 S.W.2d 253 (1962).

■ The elements necessary to make out the offense of robbery are the taking of goods *from the person* by forcible means, violence or putting the person in fear. *See Morgan v. State, supra*. In this case only one owner was present in person when the robbery took place. In all of the cases cited, dual or multiple convictions were based upon the presence of two or more persons and the forcible taking, actual or constructive "from the person" of property belonging to each. Under the present facts, we do not have two persons from whom property has been forcibly taken. We cannot sustain two robbery convictions on the basis that items belonging to Gifford Company were taken from its employee, who had custody and control of the employer's property at the same time employee's pocketbook was forcibly taken.

### III.

Defendant contends that the evidence was insufficient to sustain the conviction of kidnapping with intent to rob, proscribed in T.C.A. § 39–2603; that the intent to rob must exist at the time of asportation and that the facts show that the robbery or robberies were completed before asportation and that thereafter defendant's intent was to rape not to rob. Defendant relies on *Brown v. State*, 574 S.W.2d 57 (Tenn.Crim.App.1978), asserting that it stand for the proposition that the intent to rob must exist at the time of asportation.

In *Brown* the Court of Criminal appeals examined the question of whether asportation is a necessary element of the crime of kidnapping under our statutes. However, under the facts of *Brown*, there was no asportation, only confinement. The victim was tied hand and foot and thrown in a

closet. Judge Byers, writing for the Court, concluded that our statute combined the common-law offenses of kidnapping and false imprisonment and that neither asportation nor secrecy were necessary elements thus reaching the following conclusion:

> "While asportation and secrecy were elements of the crime of kidnapping at the common law, it is our view that under our statute the intent with which the perpetrator acts is the controlling element of this crime." *Id.* at 61.

*Brown* cannot be said to stand for the principle that the intent to rob must exist at the time of asportation since *Brown* makes it clear that asportation is not necessary to convict for statutory kidnapping. *Brown* also emphasized that the intent of the perpetrator is a question for the jury and may be inferred from all the facts and circumstances shown by the evidence.

Applying the holding in *Brown* to the instant case, it is clear that the employee was kidnapped at the moment Scott told her at gunpoint in the office of the gas station, "You are coming with me" and confined her in the Oldsmobile parked outside the office. At that time the robbery was still very much in progress. All of Henderson's active part was performed thereafter, including the taking of employee's purse. The subsequent asportation from the gas station was a mere continuance of the act of kidnapping that was consummated with employee's confinement in the Oldsmobile. The likelihood that the asportation had as an additional motivation the sexual abuse of employee did not alter the fact that there was ample evidence from which the jury could have found beyond a reasonable doubt that an intent to rob existed at the time of the kidnapping.

Defendant's conviction of robbery under count two of the indictment is reversed and dismissed. The convictions on the remaining counts are affirmed. Remand to the trial court for entry of an appropriate order.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.