IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. KELANI MELIA MAYER

**Direct Appeal from the Circuit Court for Henry County**
**No. 12750  Julian P. Guinn, Judge**

---

**No. W1999-00613-CCA-R3-CD - Decided May 8, 2000**

---

The defendant, Kelani Melia Mayer, was convicted of conspiracy to sell a Schedule I controlled substance. In this appeal, she asserts that the indictment was defective for failure to allege any overt act in furtherance of the conspiracy, that hearsay evidence was erroneously admitted at trial, that the evidence was insufficient, and that the sentence was excessive.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed**

WADE, P.J., delivered the opinion of the court, in which WILLIAMS and OGLE, JJ., joined.

Lloyd R. Tatum (on appeal), Henderson, Tennessee, and Teresa McCaig Marshall(at trial), Paris, Tennessee, for the appellant, Kelani Melia Mayer.

Paul G. Summers, Attorney General & Reporter, J. Ross Dyer, Assistant Attorney General, Robert G. Radford, District Attorney General, and Beth Boswell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Kelani Melia Mayer, was convicted of conspiracy to sell a Schedule I controlled substance, a Class C felony. The trial court sentenced the defendant as a Range I offender to three years in the Department of Correction, with one year to be served in continuous confinement and the remainder to be served in the community corrections program. The trial court also assessed a $2,500.00 fine.

In this appeal of right, the defendant contends that the trial court erred by failing to dismiss the indictment; that inadmissible hearsay was admitted into evidence; that the evidence was insufficient to support the conviction; and that the sentence was excessive. Because the indictment failed to include an allegation of an overt act in furtherance of the conspiracy, the judgment of conviction is reversed and the indictment is dismissed.

On April 27, 1998, the Paris Police Department executed a search warrant at the home of Tracy K. Gant, a friend of the defendant. In conjunction with the search, police seized

approximately 250 hits of lysergic acid diethylamide (LSD), various ledgers and papers belonging to Ms. Gant, and approximately $1,400.00 in cash.

In August of 1998, the police asked Scott Norwood, who in April and May of 1998 shared a residence with the defendant and her boyfriend, to give a statement regarding the defendant's involvement in the sale of LSD. Norwood informed the investigating officers that approximately two or three days prior to Ms. Gant's arrest, an individual asked him whether Ms. Gant had any more acid. When Norwood answered that he did not know, the man asked him to relay a message to the defendant, requesting that the defendant check with Ms. Gant and call him. When Norwood confronted the defendant about the occurrence, the defendant replied that "she wasn't [selling LSD] but that she knew people who wanted it and she would hook them up with [Ms. Gant]." The defendant explained that "[a]ll she was doing was sending people to Tracy and [Tracy] handled the business and [] Tracy would probably give her a cut." Later, Norwood made a second statement to police wherein he denied having any personal knowledge of the defendant's possessing, selling, or using LSD.

At trial, Norwood testified that he was under duress at the time that he made his first statement to the police and claimed that he made his second statement in an attempt to clarify his first. Tracy Gant, while acknowledging that she pled guilty to possession of LSD with intent to sell, testified that the ledgers seized from her home contained records related to her LSD sales. She offered no testimony against the defendant.

Sergeant Donald Blackwell, who executed the search warrant at Tracy Gant's home, testified that the various documents he seized were illegal drug ledgers. He further testified that the ledgers established that the defendant was in partnership with Ms. Gant. Officer Blackwell also searched the home of the defendant, but found no drug ledgers. The defense did not present any proof.

The crime of conspiracy is statutorily defined as follows:

The offense of conspiracy is committed if two (2) or more people, each having the culpable mental state required for the offense which is the object of the conspiracy and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct which constitutes such offense.

\* \* \*

No person may be convicted of conspiracy to commit an offense unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by the person or by another with whom the person conspired.

-2-

Tenn. Code Ann. § 39-12-103(a), (d) (emphasis added). In order to convict a defendant for conspiracy, the state must prove that each conspirator had the culpable mental state to commit the offense, that each conspirator acted for the purpose of promoting or facilitating the offense, and that at least one of the conspirators committed an overt act in furtherance of the agreement. State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). All of the essential elements of an offense must be alleged in an indictment. State v. Mencer, 798 S.W.2d 543, 546 (Tenn. Crim. App. 1990); McCracken v. State, 489 S.W.2d 48, 53 (Tenn. Crim. App. 1972). Where an indictment fails to properly allege all of the essential elements of an offense, all further proceedings are void. Perkinson, 867 S.W.2d at 5.

A conspiracy indictment must allege an overt act in furtherance of the conspiracy charged; if it does not, it must be dismissed, and any further proceedings in lieu of its dismissal are a nullity. Id. at 5-6; Mencer, 798 S.W.2d at 546. In Mencer, this court stated the rationale for requiring the allegation of an overt act in a conspiracy indictment:

> To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him.

798 S.W.2d at 546 (quoting United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir. 1979)).

The conspiracy to sell count of the indictment in this case provides in pertinent part as follows:

> That KELANI MELIA MAYER, heretofore, to wit: On or about the 27TH DAY OF APRIL, 1998, in the County aforesaid, then and there did knowingly or intentionally conspire, agree and act with another, to wit: TRACY KAY GANT to commit the offense of SELLING A CONTROLLED SUBSTANCE; and in furtherance of said conspiracy and agreement and acting for the purpose of facilitating the commission of said SELLING A CONTROLLED SUBSTANCE, KELANI MELIA MAYER did knowingly or intentionally conspire to distribute a controlled substance, to wit: PAPER SQUARES IDENTIFIED AS LYSERGIC ACID DIETHYLAMIDE (LSD), A SCHEDULE I CONTROLLED SUBSTANCE, thereby violating the statute of CRIMINAL CONSPIRACY, in violation of T.C.A. 39-12-103, against the peace and dignity of the State of Tennessee[.]

The state concedes that this language is insufficient to sustain the indictment because it fails to set forth an overt act in furtherance of the alleged conspiracy. Because there is no allegation of an overt act in furtherance of the conspiracy, the indictment fails to allege all of the essential elements of the

offense.

Accordingly, we reverse the conviction and dismiss the indictment. Because proceedings subsequent to an inadequate indictment are a nullity, this court will not address the remaining issues. The costs of this appeal are taxed to the state.