# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL SESSION, 1999

FILED

April 30, 1999

Cecil W. Crowson
Appellate Court Clerk

WILLIAM LEE HENDERSON, )  C.C.A. NO. 01C01-9808-CR-00338
)
    Appellant, )
)
) DAVIDSON COUNTY
VS. )
) HON. J. RANDALL WYATT, JR.
STATE OF TENNESSEE ) JUDGE
and FLORA J. HOLLAND, )
WARDEN, )
)
    Appellees. )  (Habeas Corpus)

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

WILLIAM LEE HENDERSON
Pro Se
7575 Cockrill Bend Industrial Road
Nashville, TN 37209-1057

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General
Washington Square Building
222 Second Avenue North
Nashville, TN 37201

OPINION FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Defendant, William Lee Henderson, appeals from the summary dismissal of his petition for habeas corpus relief. The Defendant was convicted of robbery, kidnapping with intent to rob, and criminal sexual conduct in the first degree. His direct appeal to the state supreme court was entertained in 1981,[1] and he subsequently filed a writ of habeas corpus in 1998, alleging, in part, ineffective assistance of counsel. The petition was dismissed on July 2, 1998.

On appeal to this Court, the Defendant complains that he was afforded neither a hearing on his petition for habeas corpus relief nor an opportunity to amend his petition; that he was not afforded counsel to aid him in preparing his petition; that he received ineffective assistance of counsel at trial; and that the jury selection process at his trial was unfair. In addition, he complains that the judge who presided over his trial was subsequently charged with accepting bribes from defendants appearing before him, and the Defendant asserts that this fact provides him grounds for a new trial.

In Tennessee, habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626-28 (Tenn. Crim. App. 1994). Furthermore, "a petition for a writ of habeas corpus may be summarily dismissed

---

[1] State v. Henderson, 620 S.W.2d 484 (Tenn. 1981).

by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim." <u>Mathis Martin v. State</u>, No. 01C01-9801-CR-00013, 1999 WL 182140, at *2 (Tenn. Crim. App., Nashville, March 30, 1999); <u>see also</u> Tenn. Code Ann. § 40-14-204.

Here, the Defendant does not allege that the court which convicted him was without jurisdiction, nor does he allege that his sentence has expired. Rather, he alleges grounds which, if proven, might give rise to post-conviction relief. Although a trial court may treat a petition for habeas corpus relief as one for post-conviction relief, <u>see</u> Tenn. Code Ann. § 40-30-205(c), we note that the Defendant's claim for post-conviction relief has long since been time-barred. <u>See</u> <u>id.</u> § 40-30-102 (repealed in 1995 and replaced by § 40-30-202).

Accordingly, we find no error in the trial court's dismissal of the Defendant's petition for habeas corpus relief. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-4-

_____
JOHN H. PEAY, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE