# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DAVID JAMES CANTRELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 4-2004    Thomas W. Graham, Judge**

**No. E2004-01234-CCA-R3-HC - Filed April 14, 2005**

The petitioner, David James Cantrell, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

David James Cantrell, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; James Michael Taylor, District Attorney General; James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In January 1989, the petitioner was convicted by a Fentress County jury for second degree murder, two counts of arson, and accessory after the fact to second-degree murder.  The trial court imposed an effective sentence of life plus forty years upon these convictions.  On appeal, the judgments were affirmed.  See State v. David Cantrell, No. 89-272-III (Tenn. Crim. App. July 26, 1990).

The petitioner filed a petition for writ of habeas corpus in which he asserted that his indictments and sentences for the conviction offenses were illegal, thereby voiding the judgments.[1] In particular, the petitioner argued that the second degree murder indictment did not contain the word

---

[1]The petition included in the record on appeal is not file-stamped or otherwise dated.  Upon inquiry, the trial court clerk has advised that the petition was filed in the trial court on January 16, 2004.

"knowingly." He further asserted that none of the indictments referenced the specific statutes he was accused of violating. In response, the state filed a motion to dismiss. The state noted that the 1988 murder for which the petitioner was convicted was prosecuted under an indictment issued before the 1989 revisions to the Criminal Code and that the pre-1989 code did not contain a provision requiring a culpable mental state for commission of the offense similar to that contained in the subsequently revised statute. See T.C.A. § 39-11-301 (1989) (providing that "a culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element"). The state also noted that neither the constitution nor any statute requires that code sections be set forth either in an indictment or a judgment. Finding the state's motion to be well-taken, the trial court dismissed the petition without a hearing.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

In the present case, the petitioner has not established that he is entitled to habeas corpus relief. His sentence of life plus forty years has not expired, and his petition does not show a void judgment, "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The record reflects that although the petitioner was convicted of second degree murder, he was originally indicted for first degree premeditated murder. Consistent with applicable law, the indictment sufficiently alleged that the petitioner "did unlawfully, feloniously, willfully, deliberately, maliciously, and with premeditation and malice aforethought" kill the victim by shooting him "or was present aiding and abetting in the same . . . ." See T.C.A. §§ 39-2-202 (1982); 39-1-303 (1982). The fact that the petitioner was ultimately convicted of second degree murder, a lesser included offense, does not render the first degree murder indictment invalid. Pursuant to Tennessee Rule of Criminal Procedure 31(c), a "[d]efendant may be found guilty of an offense necessarily included in the offense charged . . . ." As to the failure to cite to relevant code sections in the indictments, this court has held that a "criminal charge states the facts constituting the offense and it is not necessary to add that the offense is contrary to a statute." McCracken v. State, 489 S.W.2d 48, 51 (Tenn. Crim. App. Sep. 7, 1972), app. denied (Tenn. Dec. 4, 1972).

Finally, before this court, the petitioner argues that his indictment was defective in that it charged him with both murder and aiding and abetting in the same offense and that his double

jeopardy rights were violated because he was "charged with killing victim with a shotgun" and "for having a gun while committing the felony . . . ." The petitioner failed to raise these issues in his habeas corpus petition and we therefore decline to consider them because they have been raised for the first time on appeal.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claim of a void judgment. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE