Roy T. BROWN, alias, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

May 25, 1973.

Certiorari Denied by Supreme Court Aug. 6, 1973.

B. Rex McGee and Donald R. Coffey, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Ralph E. Harwell, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

O'BRIEN, Judge.

## OPINION

Defendant was convicted of violation of T.C.A. Sec. 52–1310 and sentenced to three years in the Penitentiary with a $500.00 fine. Motion for new trial was heard and overruled and judgment entered for a period of not less than two years nor more than three years, plus the fine directed by the jury. Three assignments of error have been made on this appeal.

The first assignment of error contends that the evidence does not support the verdict and the evidence preponderates in favor of the innocence of defendant.

Defendant, a registered pharmacist, operating a pharmacy in Knox County, Tennessee, was charged with unlawfully and feloniously failing, neglecting and refusing to keep a record of all narcotic drugs sold, administered, or dispensed, and to show in said record the date of the selling, administering and dispensing of said narcotic drugs, the name and address of the person to whom, and for whose use, said drugs were sold, administered and dispensed, and the kind and quantity of said narcotic drugs.

The record clearly shows that between the dates of April 14th, 1971, and May 27th, 1971, defendant failed to account for the disposition of more than 1,800 tablets defined as narcotic drugs under the law.

The theory of the defense was that the missing narcotics, which were unaccounted for, had been pilfered and stolen during the interval in question. That in addition to the general public there were some 65 or more employees in the building where the pharmacy was located who had access to the store through a back door which led into a hallway. It was intimated, but not stated, that the missing narcotics could have been pilfered from the locked cabinet where they were stored by removing an unlocked drawer located above the drug storage area. It was also offered in evidence that the hinges on the rear door to the shop were on the outside and the door could be opened by removing the hinge pins. There was also evidence that the pins might have been removed at some time or other, and also that entry into the shop might have been made through the air conditioning duct from the boiler room. Defendant testified that he was not aware of any burglary in his shop, nor had he reported any thefts of any kind from his stock of merchandise.

Obviously, this evidence did not overcome the positive proof that defendant had failed to make any record entry to account for the missing narcotics from his drug inventory, and he has failed to establish, by that preponderance of evidence required on review, that the jury was not warranted in returning a verdict against him.

■ The second assignment of error charges that the attorney general erred on cross-examination in asking the defendant if he had not sold drugs to specific persons to-wit: some eleven names. This was denied by defendant and the attorney general then argued to the jury that the reason these persons weren't called as witnesses was because it was difficult to get addicts to testify against their supplier.

The manner and nature of this cross-examination was improper. The defendant was asked to deny that he had sold drugs without a prescription to some eleven people whose names were presented to him in sequential order. None of the persons named were called to testify for the purpose of impeaching the credibility of defendant. No other reason for introducing these names in evidence was offered and we can only conceive that it was an artless attempt to introduce this evidence into the record. This type of cross-examination was as invalid as the argument by the State's attorney to the jury that the reason he didn't bring the named individuals to testify was because of the difficulty involved in getting witnesses who bought drugs to come in and testify against their supplier. However, no objection was made at the time of this cross-examination. Objection was made to the argument on the basis that there was no proof the State had any difficulty in getting any witness to the courtroom.

This court does not condone trial tactics of this nature, however, in view of the complete record, which indicates the overwhelming guilt of defendant, his denial that he sold drugs to anyone without a prescription, and the failure to raise an objection at the time the improper questions were asked, we do not find the overruling of the objection to the specified argument to be prejudicial. It was at most, harmless error under the circumstances of this case.

■ The third assignment charges error to the trial court in permitting the witness, Colbert, to testify in rebuttal because his testimony was admissible, if admissible at all, only in chief.

This assignment must be overruled for much the same reasons set forth in discussion of Assignment No. Two. The attorney general argued for the admission of this testimony on the basis defendant had previously testified he did not sell drugs to this witness without a prescription. We have searched this record and fail to find any such denial or assertion in the Bill of Exceptions. However, the defendant did generally deny selling pills without a prescription to anyone. In the face of this denial the objected to testimony would be fair rebuttal evidence. The defendant is not charged with selling drugs without a prescription. This count in the indictment was dismissed. He was charged under the provision of the Narcotic Drug Law with failure to maintain a proper record of drugs administered, dispensed, or professionally used by him otherwise than by prescription. The evidence was relevant to show the disposition of drugs during a time period when the records required by the statute were not maintained. It certainly was not incompetent and we find no abuse of the trial court's discretion in allowing its admission. See Turner v. State, 188 Tenn. 312, 219 S.W.2d 188.

The judgment of the trial court is affirmed.

WALKER, P. J., and MITCHELL, J., concur.