**Gerald W. PATTY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 14, 1977.

William E. Farmer, John William Martin, Lebanon, for appellant.

Brooks McLemore, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Baxter Key, Dist. Atty. Gen., Gainsboro, John C. Knowles, Asst. Dist. Atty. Gen., Sparta, R. David Allen, Asst. Dist. Atty. Gen., Lebanon, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of kidnapping and sentenced to serve ten (10) years and he was convicted, also, of bank robbery and sentenced to serve twenty (20) years and one (1) day. The sentences were ordered to be served concurrently.

The evidence shows that on December 13, 1973, the Appellant entered the West Wilson Branch of the Lebanon Bank located at Mt. Juliet and by the use of a sawed-off shot gun, took from the employees there approximately twenty one thousand dollars ($21,000.00). As he left the bank, he took with him, as a hostage, Sherri McCulloch, one of the employees. The Appellant did not contest the fact that he robbed the bank but rested his defense upon insanity at the time of the commission of the offense.

In assignments of error one (1) and two (2), Appellant asserts that the trial court erred in not granting his motion to quash the indictments because both indictments were insufficient on their face and did not give proper and legal notice to Appellant concerning the charges of kidnapping and bank robbery which were brought against him. We disagree.

Appellant cites *State v. Witherspoon,* 115 Tenn. 138, 90 S.W. 852 (1906), where the Supreme Court held that an indictment must be sufficiently definite in its averments, (1) to give a defendant notice of the particular crime with which he is charged and the nature of the elements thereof, (2) to the information of the court, that it may see a definite offense on record to apply the judgment and the punishment prescribed by law, and (3) must so describe and identify the offense that the judgment in the case could be relied on in another prosecution for the same offense upon a plea of former acquittal or jeopardy. See also *State v. Overton,* 193 Tenn. 171, 245 S.W.2d 188 (1951); *Wheeler v. State,* 220 Tenn. 155, 415 S.W.2d 121 (1967). Contrary to Appellant's contentions, the indictments in the present case meet these tests.

T.C.A. § 39–2601 defines kidnapping as follows:

Any person who *forcibly* or *unlawfully* confines, inveigles, or entices away another, with the intent to cause him to be secretly confined, *or imprisoned against his will,* or to be sent out of the state

against his will, must, on conviction, be imprisoned in the penitentiary for not less than two (2) years nor more than ten (10) years. (emphasis added).

The indictment for kidnapping charged that on December 13, 1974, the defendant did,

*Unlawfully,* feloniously, and *forcibly imprisoned* Sherri McCullouch *against her will* and contrary to the statute and against the peace and dignity of the State of Tennessee. (emphasis added).

An indictment for a statutory offense need only describe the crime in the words of the statute or through words substituted which are equivalent to the words used in the statute or of more extensive signification. *Riddle v. State,* 50 Tenn. 401 (1871); *State v. Smith,* 119 Tenn. 521, 105 S.W. 68 (1907). The meaning of the statute was effectively conveyed to Appellant by the words used in the indictment.

The indictment tells Appellant when the alleged crime occurred. It tells against whom it was perpetrated. The language of the indictment that Appellant "[u]nlawfully, feloniously, and forcibly imprisoned Sherri McCullouch against her will", is sufficient to apprise the Appellant that kidnapping is the offense he is called upon to answer. This indictment could be relied upon in another prosecution for the same offense upon a plea of former acquittal or jeopardy. See *Cowan v. State,* 208 Tenn. 512, 347 S.W.2d 37 (1961).

The same rationale applies to the indictment charging Appellant with bank robbery.

T.C.A. § 39–3902 defines bank robbery as follows:

It shall be unlawful for any person to feloniously enter any banking house or place where moneys are kept on deposit and securities of any value deposited for safekeeping and by violence or putting in fear any person therein charged with the custody, care, or keeping of such money or securities of any value, to feloniously take and remove or attempt to take and remove from such banking house any

such moneys or securities of any value; and any person so doing shall be deemed guilty of the crime of bank robbery.

The indictment for bank robbery charges that on December 13, 1974, the defendant did,

"Unlawfully and feloniously enter West Wilson Branch of Lebanon Bank where money was on deposit for safekeeping and did by violence therein feloniously, take and steal valuable personal property contrary to the statue (sic) and against the peace and dignity of the State of Tennessee."

The indictment sufficiently apprises the Appellant that he is charged with robbing the West Wilson Branch of the Lebanon Bank on December 13, 1974. This indictment could clearly be relied upon in another prosecution for the same offense upon a plea of former acquittal or jeopardy.

Both indictments are also sufficient for the information of the trial court so that it could see a definite offense on record to apply the judgment and the punishment prescribed by law. No problems appear on the record to have been encountered by the trial judge in this regard.

Assignments of error one (1) and two (2) are overruled.

The Appellant says the trial court erred in not allowing him to introduce the recorded testimony which was given in a hearing on August 20, 1975, before another judge.

The hearing referred to was conducted to determine if the Appellant required hospitalization in Central State Hospital. We find nothing in the bill of exceptions which shows that the Appellant attempted to offer the transcript of the August 20, 1975, hearing into evidence at the convicting trial which was conducted December 16 and 17 of 1975. In the technical record is a motion filed by the Appellant asking that he be allowed to present the transcript. This was filed December 5, 1975. There is nothing to indicate that the trial judge either granted or denied the relief sought in the petition.

The trial court did not rule on the motion filed by the Appellant to introduce the transcript of the testimony given at the previous hearing. The mere presence of the motion in the record is of no legal efficacy, in the absence of a minute entry showing the judge's ruling on such motion. *Jones v. State,* 197 Tenn. 667, 277 S.W.2d 371 (1955); *Shye v. State,* 506 S.W.2d 169 (Tenn.Cr.App.1973).

■ The Appellant did not attempt to introduce the transcript at the trial. An Appellant cannot complain or appeal about matters not raised in the trial court. *Manning v. State,* 500 S.W.2d 913 (Tenn.1973).

■ In conjunction with this claim the Appellant further says when the trial court did not allow him to use the transcript of the former hearing, the court erred in not granting a continuance to the next term of court to allow him to take the deposition of the psychiatrist at the Federal Hospital in Missouri. We are confronted again with a record that is totally void of anything to show that such relief was sought in the trial court. Counsel for Appellant cites pages in the transcript and bill of exceptions in support of the assignment. However, those portions of the record deal with a requested continuance on totally different grounds.

The Appellant made an additional assignment of error on the basis that a continuance should have been granted because the psychiatrist whom he subpoenaed was to be in another court on a day subsequent to the day the trial commenced.

The motion was made and ruled on by the trial court. The Appellant says the failure to grant a continuance forced him to use the witness out of order which was prejudicial to him. In the argument on the motion at the commencement of trial, the judge advised counsel that the witness, being under subpoena and present, would be required to remain until the completion of the trial. The Appellant could have used the witness at any time he chose. The use of the witness in the order presented was the choice of the Appellant.

The granting or denial of a continuance is within the discretion of the trial judge. Certainly there was no reason to grant a continuance on this basis.

Assignment of error is made on the trial judge's refusal to allow the introduction of the records from the Federal Hospital in Missouri and from Central State Hospital at Nashville concerning previous hospitalization of the Appellant.

The state objected to these records because they contained diagnoses made by persons not present to testify. The trial judge sustained the objections on this basis.

■ Hospital records are admissible under the Business Records Act, T.C.A. 24–714, if all of the prerequisites of the Act are complied with. *Neas v. Snapp,* 221 Tenn. 325, 426 S.W.2d 498 (1968); *New Jersey Zinc Co. v. Cole,* 532 S.W.2d 246 (Tenn. 1975); *Graham v. State,* 547 S.W.2d 531 (Tenn.1977). In *Graham,* our Supreme Court said:

"The Business Records Act is itself an exception to the hearsay evidence rule. It is designed to avoid the unnecessary expense, inconvenience and sometimes impossibility of calling witnesses, particularly in—but not limited to—those instances wherein the matter sought to be established is routine or uncontroverted. In the case of hospital records, without the act, it could conceivably take numerous witnesses—doctors, technicians, nurses and attendants who joined forces to make a complete and composite history of a patient's hospital treatment."

In *Graham* the court held that hospital records were not subject to blanket objection on the basis of hearsay. The records are admissible under the Business Records Act if offered in accordance with the rule in *Neas and Graham.* In this case, the Appellant offered the records from each hospital through Dr. Cyrus Higgs the Assistant Superintendent of Central State Hospital. Dr. Higgs testified that he had custody and responsibility for the records of Central State Hospital.

■ We are of the opinion that the trial court was correct in excluding the records from the Federal Hospital in Missouri. Dr. Higgs stated only that these records were forwarded to Central State Hospital by letter from the Federal Hospital. Dr. Higgs was not able to relate the method of preparation or whether these were made in the regular course of business. Dr. Higgs was not the custodian of the Missouri records, nor did he qualify as another qualified witness who could properly authenticate the records for admission under the Business Records Act.

■ We are of the opinion, however, that the trial court was in error in rejecting the testimony of Dr. Higgs concerning the records from Central State Hospital at Nashville. Dr. Higgs testified that the Appellant was a patient at Central State Hospital on more than one occasion. He testified that records of previous hospitalization, treatment and diagnoses were important in reaching a diagnosis of the present condition of the Appellant. He further testified that as Assistant Superintendent he was responsible for the records and had them in his custody. Dr. Higgs was either the "custodian or other qualified witness" whose testimony made the records *prima facie* admissible. The state insists that Dr. Higgs could not introduce these records because they were made prior to his employment at the hospital. However, we are of the opinion that to apply this theory would be unduly restrictive and would thwart the purpose of the act unnecessarily without any compelling reason to do so. Records of hospitals, courts and businesses of all descriptions remain long after those who have prepared them or who have custody of them are gone. We are of the opinion that if the witness offered to validate the records is the custodian of the records or an otherwise qualified person, and he can testify with a reasonable degree of certainty that the records are a part of the records of the business and they are maintained in the normal course of the business and that they reasonably appear to have been made in the normal course of business, then such records would be admissible, even though the records were prepared prior to his arrival at the business. This opinion should not be construed, however, as allowing the use of a successor custodian or other witness to introduce business records where a more qualified witness is available for that purpose.

■ As in *Graham,* we hold that the records of the Appellant's hospitalization at Central State Hospital were not subject to a blanket disqualification on the basis that they were hearsay. Any part of the records which the trial judge might find to be precluded by other rules of evidence would of course be excluded by those rules. See *Graham, supra.* However, a diagnostic finding is not excludable merely because it is the opinion of another treating physician, if the physician or expert witness who is testifying as to a patient's present condition relied upon the diagnosis to reach a current conclusion.

We hold that the Appellant is entitled to a new trial because the trial court excluded the records of Central State Hospital which showed Appellant's previous hospitalization at that institution.

■ The Appellant sought to show by an assistant United States attorney that an order had been entered in the Federal District Court dismissing the federal prosecution against the Appellant on a charge of bank robbery arising out of this occurrence because of a finding of incompetency to stand trial.

This assignment is without merit. Apparently a motion was made by the government in the federal prosecution to dismiss the federal charges on the basis of incompetency to stand trial. The district judge granted the motion and entered an order accordingly. This decision by another court had no bearing on the issue of the Appellant's mental condition at the time of the commission of the crime. See *Covey v. State,* 504 S.W.2d 387 (Tenn.Cr.App.1973).

■ The granting of a change of venue sought by the Appellant lay within the discretion of the trial judge. *Swain v. State,* 219 Tenn. 145, 407 S.W.2d 452 (1966).

Unless there is an abuse of this discretion his determination to deny such motion will not be disturbed on appeal. Where, as here, no evidence at all is introduced to support this motion the denial for a motion for a change of venue is not error. *Norris v. State,* 127 Tenn. 437, 155 S.W. 165 (1913).

 The Appellant complains that the assistant district attorney general testified without being sworn as a witness.

This assignment is based on a question asked on cross-examination. When the Appellant's attorney objected to a question by the assistant attorney general on the basis he was giving testimony, the assistant attorney general responded that he could testify during cross-examination of a witness.

 Our examination of the record convinces us that in the context of the testimony the question asked was proper. It was a leading question based on testimony given by the witness. Such a question is permissible in cross-examination. We overrule this assignment but point out that cross-examination does not permit the examiner to testify or introduce evidence. *Brown v. State,* 498 S.W.2d 920 (Tenn.Cr. App.1973).

The Appellant complains that the trial court allowed the state to read portions of testimony given by Dr. Higgs in a previous hearing but did not allow the Appellant to introduce the entire previous testimony of the doctor before the jury.

The record reveals that the trial judge ruled that the Appellant's attorney could read the entire statement to the jury. Whether this was done we are unable to say from the record. At any rate, the Appellant's attorney had opportunity to do this if he wished.

 The Appellant complains that he should have been allowed to read his military citations into the record. The trial court allowed testimony from the Appellant concerning his military record. This included testimony concerning citations earned in combat. The recitations of accomplishments contained in the citations were not material or relevant to whether the Appellant committed the crimes for which he was being tried, nor were they relevant on the issue of insanity.

 The Appellant complains that the trial court erred by instructing the jury on insanity under the *M'Naghten* rule which was the applicable law at the time of this trial. *Graham* is not applicable to the trial of this case because no appropriate objection or special requests were made during the trial nor was this raised in the motion for a new trial. *Graham* is not applicable to completed trials unless appropriate special requests were submitted during the trial or the issue was fairly raised therein. Neither of these requirements were met. However, on retrial of this case, in the event the defense is based upon mental incapacity at the time the offense was committed, the *Graham* case will be applicable.

 We note that the judgments entered prohibited the Appellant, upon conviction, from voting or testifying as a witness in any judicial proceeding unless testifying on his own behalf. These disqualifications are not a part of our present law and should not be a part of the judgments in the event of a conviction on a retrial of this case. T.C.A. § 40–2712.

 We further note that the exhibits are made a part of the technical record rather than a part of the bill of exceptions. To be considered on appeal, they must be made a part of the bill of exceptions.

The judgment of the trial court is reversed and a new trial is granted.

O'BRIEN and DUNCAN, JJ., concur.