**STATE of Tennessee, Appellee,**

v.

**Bob DAVIS and David Wallace, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 20, 1983.

Permission to Appeal Denied by the Supreme Court Aug. 29, 1983, as to Davis.

Ross Alderman, Robert Tucker, Andrea Lee, Asst. Public Defenders, Nashville, for appellant Davis.

N. Reese Bagwell, Noel Bagwell, Clarksville, for appellant Wallace.

William M. Leech, Jr., State Atty. Gen. & Reporter, David M. Himmelreich, Asst. State Atty. Gen., W. Edward Barnard, Mary Rubin, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

The defendants were convicted of aggravated kidnapping and were each sentenced to thirty-five (35) years. They were also convicted of sexual battery and were each sentenced to serve not less than two (2) years nor more than five (5) years. The trial court ordered the sentences to be served consecutively.

The defendants say the evidence is not sufficient to support the verdict, say the trial court's instruction to the jury on aggravated kidnapping was erroneous, say the trial court erroneously prohibited them from offering two witnesses who would have testified the prosecutrix's reputation for truth and veracity was bad, say the trial court erroneously prohibited them from showing how the prosecutrix, a prostitute, conducted her business and say the instruction given by the trial judge on how the jury should consider the fact that the defendants did not testify was a comment on the defendants' right not to testify.

The judgments are affirmed.

The state's evidence shows that on the evening of August 16, 1981, the prosecutrix, a prostitute, had gone to a truck stop to practice her trade. The prosecutrix had been previously arrested and fined for prostitution, and when a police car pulled into the truck stop, she attempted to hide from the officers. As she was doing this, defendant Wallace called to her and told her she could hide in his car.

The woman entered the car, which contained the defendants. The vehicle was driven away from the truck stop. After some travel over roadways in Davidson County, the defendants physically assaulted the woman and inflicted severe injuries upon her. The woman was severely beaten about the face and as a result was extensively bruised around her eyes. The woman was forced to commit fellatio on Wallace. Subsequently, the woman was forced to commit fellatio on Davis while Wallace penetrated her vaginally and anally with his penis.

After this occurrence Wallace loaded a shotgun, and Davis pointed it at the woman. The woman told the men she had some money at the truck stop in an effort to induce the defendants to return her to the truck stop. The defendants drove back toward the truck stop but did not stop. The shotgun was then placed in the woman's mouth and the defendants, with Wallace driving, continued to drive along the street. Subsequently, traffic officers stopped the vehicle because of a faulty muffler. Wallace got out of the vehicle and went to the police car. One of the officers approached the defendants' vehicle and as he did so, he saw the shotgun. The defendants were then arrested.

The state offered medical evidence to support the woman's claim of injury and rape. The defendants did not testify and offered no direct evidence to refute the state's case. At trial the defendants attempted to attack the credibility of the state's evidence through cross-examination and by collateral attacks on the state's evidence.

On appeal the defendants contend the evidence of the state does not conform to the indictment and is thus insufficient. The defendants do not contend the evidence presented by the state was untrue, but attack the sufficiency thereof in relation to the indictment and the law of kidnapping.

We think the defendants' contention is without merit because it focuses on what occurred between the woman and the defendants when she first entered their vehicle and ignores what occurred subsequently.

It is true, as the defendants contend, that the woman willingly entered the vehicle and willingly left with them in an effort to evade the police. However, when the woman asked to be returned to the truck stop, the defendants beat her, raped her and then held a gun on her and drove her beyond the truck stop.

The indictment charged that the defendants carried the woman away with the felonious intent to detain her against her will and that this was done while the defendants were armed with a shotgun. Whatever the intent of the defendants might have been at the inception of the journey, clearly after the defendants held a shotgun on the woman and drove her away from the place where she wished to go, she was carried away against her will by the use of force, and a kidnapping occurred as defined in *State v. Henderson,* 620 S.W.2d 484 (Tenn.1981); *Morgan v. State,* 582 S.W.2d 94 (Tenn.Cr.App.1979); *Patty v. State,* 556 S.W.2d 776 (Tenn.Cr.App.1977); and *McBee v. State,* 526 S.W.2d 124 (Tenn. Cr.App.1974). We hold that an innocent, well intentioned initial carrying away of a person, who willingly accompanies an accused, becomes a kidnapping if subsequent events show the person remains with the accused against their will as a result of force or the use of arms by the accused. There is no variance between the evidence and the indictment in this case, and the evidence is sufficient for a finding of guilt beyond a reasonable doubt.

The defendants say the trial judge erred in instructing the jury that to find the defendants guilty of aggravated kidnapping, the state must prove beyond a reasonable doubt that the defendants "unlawfully seized, confined, inveigled, enticed, decoyed, abducted, concealed, or kidnapped or carried away the alleged victim." The defendants contend this instruction is erroneous because the indictment only charged that the defendants "feloniously abducted, kidnapped, and carried away" the alleged victim while using a shotgun. The defendants argue that the use of the words, "seized, confined, inveigled, enticed, de-

coyed," in the instruction would permit the jury to find them guilty of an offense for which they were not indicted.

The defendants rely upon the case of *Church v. State,* 206 Tenn. 336, 333 S.W.2d 799 (1960), in support of their claim. In *Church, supra,* the defendant was indicted for breaking and entering a business house with the intent to steal. The evidence showed that Church, after breaking into the business, broke into a safe. The trial judge instructed the jury on the statutory definition and punishment for opening of a safe after breaking and entering. The punishment for breaking and entering was not less than three (3) nor more than ten (10) years. However, the punishment for breaking into a safe after entering was not less than three (3) years nor more than twenty-one (21) years. The Supreme Court held that the statutory prohibition against opening a safe after entering was a separate offense from that of burglary and that the instruction was erroneous because the defendant was not indicted for opening a safe.

In this case, the court did not charge the jury on an offense different from the offense on which the defendants were indicted. The court instructed the jury on the elements necessary to constitute a kidnapping and the elements necessary to make the kidnapping aggravated. There was no error in the charge.

We are of the opinion the trial judge erroneously prohibited the defendants from offering the testimony of two witnesses to show the prosecutrix had a bad reputation for truth and veracity. Although the defendants were not allowed to offer the testimony of these two witnesses, the defendants did attack the prosecutrix's credibility through extensive cross-examination of her. There is ample evidence from other witnesses to support the testimony of the woman. We find the evidence of the defendants' guilt to be overwhelming and as a result any error was harmless.

The defendants claim the trial court unduly limited them in cross-examining the prosecutrix on how she conducted her busi-

ness at the truck stop. The defendants say they wished to show a possible other source for the injuries which she sustained.

■ The trial judge allowed considerable latitude in the cross-examination of the woman. The prosecutrix testified she had not been engaged in prostitution prior to coming in contact with the defendants. The medical evidence showed she had fresh bruises on her. The physician testified these could possibly have occurred twenty-four (24) hours prior to the contact with the defendants. However, the physician testified injuries to the woman's anus had occurred within four (4) hours prior to the medical examination. Based on this evidence and the fact that the defendants do not question the basic sufficiency of the evidence, we find the trial judge did not err in this regard.

■ In instructing the jury, the trial judge told them:

> The defendants have not taken the stand to testify as witnesses, but you shall place no significance on this fact. The defendants are presumed innocent, and the burden is on the State to prove the guilt of the defendants, or either of them, beyond a reasonable doubt. The defendants are not required to take the stand in their own behalf, and their failure to do so cannot be considered for any purpose against them, nor can any inference be drawn from such fact.

The defendants contend the use of the word "failure" erroneously implied an obligation of the defendants to testify. It is clear from the entire instruction that the jury was instructed that the defendants were not required to testify and that no adverse inference could be taken from the fact they did not testify. We find no error in this instruction.

DWYER and O'BRIEN, JJ., concur.