IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## EVELYN CAMPBELL, a/k/a ELVIN CAMPBELL, ERMA DORTON and EDRIA HUMPHREY, v. UNION PLANTERS BANK, formerly COMMERCE FEDERAL SAVINGS BANK

**Direct Appeal from the Circuit Court for Hamblen County**
**No. 97-CV-423      Hon. Kendall Lawson, Circuit Judge**

**FILED AUGUST 2, 2000**

**No. E1999-01910-COA-R3-CV**

In this action to recover on two certificates of deposit against the bank, the Trial Judge directed a verdict in favor of the plaintiffs after sustaining an objection to the bank's attempt to offer its business records in evidence. The bank has appealed, and we reverse and remand for a new trial.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR. J., joined.

H. Scott Reams, Morristown, Tennessee, for appellant, Union Planters Bank.

Floyd W. Rhea, Sneedville, Tennessee, for appellees.

## OPINION

Plaintiffs are children of Ellis Johnson, who died on May 31, 1997. After Johnson's death, certain Certificates of Deposit issued in the names of Johnson and plaintiffs, were found among Johnson's papers. The bank refused to pay two Certificates of Deposit presented by plaintiffs for collection. The CD's had been issued by Commerce Federal Savings Bank (a predecessor of Union Planters). One had a maturity date of March 10, 1987, having been issued on March 10, 1986, and the other had been issued on August 22, 1988, with a maturity date of February 20, 1989. Union Planters defended on the grounds that these CD's had been paid by the issuance of interest checks and new CD's.

At trial, plaintiffs presented the CD's and testified that the defendant had refused to

pay.

Defendant offered as a witness, Susan Monkhouse, an employee of defendant and defendant's predecessor in interest, Security Trust Federal Savings & Loan, but not Commerce Federal, which had been acquired by Security Trust Federal Savings & Loan. She testified that she had been with this chain of banks since 1991, and had been in the banking industry for 16 years. She testified on the procedure for cashing CD's, and that she had been asked by her employer to research the history of the two CD's in question, and that the paperwork showed the progression of the CD's being paid interest, and then converted to two new CD's that were included in the ones that were honored by the bank. She further testified that she was familiar with the method and procedures used in record- keeping for Union Planters and its predecessors in interest, and testified at length regarding what those procedures were. The Trial Court, upon objection however, refused to admit this evidence before the jury, on the basis that Ms. Monkhouse did not work for Commerce Federal when the original CD's were issued.

The defendant also called Patricia Smithson, records custodian for Union Planters. The Court refused to allow the documents to be introduced through Ms. Smithson, because she had never worked for Commerce Federal. After disallowing this evidence, the Trial Court then directed a verdict for the plaintiffs and entered a judgment for plaintiffs in the amount of $34,760.02, representing principal and interest on the two Certificates of Deposit.

The bank has appealed. Essentially, the dispositive issue on this appeal is whether the Trial Judge properly sustained the objection to the offer of evidence of the bank's business records. Tenn. R. Evid. 803(6) creates a hearsay exception for certain business records, as follows:

> (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation in any form of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes every kind of business, institution, association, profession, occupation, and calling, whether or not conducted for profit.[1]

This Court has held that business records regularly kept in the normal course of

---

[1]The Advisory Commission comments to Tenn. R. Evid. 803(6) state that it is essentially the same as the Uniform Business Records as Evidence Act, once codified at Tenn. Code Ann. §24-7-111, which has been repealed.

business are inherently trustworthy and reliable, and that the Rule's purpose is to facilitate the use of business records "by eliminating the expense and inconvenience of calling numerous witnesses involved in the preparation and maintenance of the records." *Alexander v. Inman*, 903 S.W.2d 686, 700 (Tenn. Ct. App. 1995). We have also said that in order to qualify as a hearsay exception under Tenn. R. Evid. 803(6), the documents must meet five criteria:

1.      The document must be made at or near the time of the event recorded;

2.      The person providing the information in the document must have firsthand knowledge of the recorded events or facts;

3.      The person providing the information in the document must be under a business duty to record or transmit the information;

4.      The business involved must have a regular practice of making such documents; and

5.      The manner in which the information was provided or the document was prepared must not indicate that the document lacks trustworthiness.

*Alexander*. In addition, the person offering to introduce the records in evidence must be a custodian or other qualified witness. *Id.*

The issue thus becomes whether Ms. Monkhouse, introduced the records as a "qualified witness" pursuant to the Rule.

The term "qualified witness" is to be given a broad interpretation, and has generally been defined as a witness who has personal knowledge of the business's record-keeping methods and can explain the same to the court. *Alexander*. The witness is not, however, required to have personal knowledge of the facts recorded, nor to have been personally involved in preparing the documents or even know who did. *Id; see also Bowlin v. Bowlin*, 1999 WL 419703 (Tenn. Ct. App. June 24, 1999), perm. app. granted Dec. 6, 1999.

The records which were excluded in this case were generated by Security Trust and consisted of history documents related to the Certificates of Deposit in question. Ms. Monkhouse was clearly knowledgeable about the procedures utilized by Security Trust before she was employed and testified that the procedures were explained to her during her training and utilized by her during her employment there, and that they were the same before her employment and throughout her employment with Security Trust. She testified at great length out of the presence of the jury regarding the way these records were generated and kept, and that the documents sought to be introduced were made and kept in the regular course of business. There was no indicia of lack of trustworthiness in the records sought to be introduced, such as lack of duty to record, or signs that the documents were obviously prepared for litigation. *See* Tenn. R.

Evid. 803(6); *State v. Kennedy*, 7 S.W.3d 58 (Tenn. Crim. App. 1999).

Ms. Monkhouse should not have been precluded from testifying about and introducing the bank's business records simply because they were generated before she was hired, when she was familiar with the method of generating and keeping the records, and otherwise met all of the qualifications of Tenn. R. Evid. 803(6). *Patty v. State*, 556 S.W.2d 776 (Tenn. Crim. App. 1977).[2] Taking into consideration Ms. Monkhouse's testimony along with the custodian's (Smithson) testimony, the Trial Court should have allowed the records to be introduced. In this connection, *see Martin v. Martin*, 755 S.W.2d 793 (Tenn. Ct. App. 1988).

Upon finding that the excluded evidence should have been admitted, it is clear that the issues presented were for the jury, and we reverse the Trial Court's directing a verdict, as well as excluding from the jury's consideration the business records of defendant.

We remand for a new trial in accordance with this Opinion and assess the cost of appeal to plaintiffs.

_____
HERSCHEL PICKENS FRANKS, J.

---

[2]Decided under the Uniform Business Records as Evidence Act, once codified at Tenn. Code Ann. §24-7-111.