IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2001 Session

## BEAL BANK, S.S.B., v. RBM COMPANY, d/b/a WEBSTER ENTERPRISES, ESTATE OF H.A. ("BAM") WEBSTER, W. MICHAEL WEBSTER, AND RICHARD J. WEBSTER

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 98-0175     Hon. W. Frank Brown, III., Chancellor**

**FILED JANUARY 11, 2002**

**No. E2001-00520-COA-R3-CV**

The Trial Court admitted into evidence the loan records from NationsBank through a witness who was thoroughly familiar with the record-keeping process. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Richard T. Klingler and Richard C. Kennedy, Chattanooga, Tennessee, for Defendant/Appellant.

James R. Kelley, Marc T. McNamee and Philip D. Irwin, Nashville, Tennessee, for Plaintiff/Appellee.

## OPINION

In this action, the issue on appeal is whether Margaret Diamond should have been allowed to testify as to the amount of money owing to the plaintiffs.

The defendant was a general partnership and executed a promissory note to Citizens Bank for 6.3 million dollars for a loan on March 30, 1989. On November 1, 1991, defendant defaulted on the note, and on January 1, 1992, NationsBank acquired Citizens Bank. Defendant

executed new promissory notes in favor of NationsBank on May 1, 1993, and the Bank sold these notes to Beal Bank, plaintiff herein. Defendant made payments to Beal Bank until November 1, 1997, and this action was filed in February, 1998 on these notes.

The Trial Court made reference to the Master to determine the amounts owing on the notes, and at a hearing before the Master Diamond testified that she was employed by NationsBank, and had been there (and with its predecessor) for twenty-four years. She previously worked for Maryland National Bank, which merged with NationsBank, and had worked in NationsBank's Baltimore office. She testified that she was the manager of the loan administration group for real estate managed accounts, and that her duties included processing payments, tracking collateral, providing research, and customer service. She further testified that she was responsible for keeping the records and loan histories of assets sold by NationsBank, and that she was custodian of the records in question.

Diamond identified the promissory notes executed by RBM, and presented a history of the loans from 1993 until they were sold on December 10, 1996. She explained that loan histories are maintained on their system for one year, and are then placed on microfilm. She stated that the loan history for these loans was taken from the microfilm. She testified that the loan histories were regularly prepared and kept in the course of business at NationsBank, and the information contained in the loan history was recorded by a NationsBank employee at or about the time it was received. She further testified that the employees who supply and record the information are under a business duty to do so, and that this system has proved to be reliable. Over the objection of the defendant, she was allowed to testify to the balance owing on the notes.

During cross examination, Diamond testified the loan histories were kept on microfilm in one central location for the entire NationsBank system. It was further developed that the loans in question were handled for a period of time by a separate company called AMRESCO with whom NationsBank contracted. Diamond testified that more recently, prior to the sale, the accounts were handled by a loan officer in their Baltimore office. She testified that AMRESCO used the same loan system, such that their entries would also be reflected in the loan histories, and that AMRESCO would receive payments, and then forward same to Atlanta or Charlotte where they would be processed in the normal course of business. She testified she had personal knowledge regarding how the information would be processed in Atlanta through her transactions with the Atlanta office.

The Chancellor overruled the objections to the Master's Report, and entered judgment based on the Master's Report, and defendant appealed.

The Trial Court ruled that the loan documents would be admitted under the business records hearsay exception. We have held that in order to qualify as an hearsay exception under Tennessee Rules of Evidence 803(6), the documents must meet five criteria:

1. The document must be made at or near the time of the event recorded;

2. The person providing the information in the document must have firsthand knowledge of the recorded events or facts;

3. The person providing the information in the document must be under a business duty to record or transmit the information;

4. The business involved must have a regular practice of making such documents; and

5. The manner in which the information was provided or the document was prepared must not indicate that the document lacks trustworthiness.

*Alexander v. Inman*, 903 S.W.2d 686, 700 (Tenn. Ct. App. 1995). In addition, a person seeking to introduce the records, must be a custodian or other qualified witness. *Id.*

Diamond testified that she was the custodian of the records in question, although they were not kept in her physical possession. The Rules do not define the term "custodian", but our cases are instructive as to its meaning. In *State v. Key*, 1995 WL 366096 (Tenn. Crim. App. June 21, 1995), the Court said that "in order for a witness to be qualified as a custodian of the records under Tenn. R. Evid. 803(6), the witness must be able to testify as to the identity of the record, the mode of preparation, and whether the record was made in the regular course of business." *Also see Witter v. Nesbit*, 878 S.W.2d 116 (Tenn. Ct. App. 1993); *State v. Goldston*, 29 S.W.3d 537 (Tenn. Crim. App. 1999); and *State v. Hawkins*, 1998 WL 352095 (Tenn. Crim. App. July 2, 1998).

In the alternative, Diamond was presented as a "qualified witness" pursuant to Tenn. R. Evid. 803(6). The term "qualified witness" is to be given a broad interpretation, and has generally been defined as a witness who has personal knowledge of the business's record-keeping methods and can explain same to the court. *Alexander.* The witness is not, however, required to have personal knowledge of the facts recorded, nor to have been personally involved in preparing the documents or even know who did. *Id.* Thus, we have held that a lawyer who had personal knowledge of the firm's billing practices and the manner in which the billing records were prepared and kept, was qualified to testify about and introduce same pursuant to Tenn. R. Evid. 803(6). *Id; see also Patty v. State*, 556 S.W.2d 776 (Tenn. Crim. App. 1977). Diamond is custodian of records of this type, and was able to testify how the records were kept and the type of system used by NationsBank and its reliability. Her evidence establishes there was no indicia of lack of trustworthiness in the records sought to be introduced, such as lack of duty to record, or signs that the documents were prepared for litigation. *See* Tenn. R. Evid. 803(6); *State v. Kennedy*, 7 S.W.3d 58 (Tenn. Crim. App. 1999). We hold that Diamond met the requirements as detailed, and the records were properly admitted.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost

of the appeal assessed to the appellants, the Estate of H.A. ("Bam") Webster, W. Michael Webster, and Richard J. Webster.

_____
HERSCHEL PICKENS FRANKS, J.