# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. BOBBY JOE LESTER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-02980    Joseph P. Dailey, Judge**

---

**No. W2004-00842-CCA-R3-CD  - Filed July 28, 2005**

---

DAVID G. HAYES,  J., dissenting.

The majority concludes that the proof is sufficient to support the Appellant's conviction for especially aggravated kidnapping.  I respectfully dissent.

As noted by the majority, the offense of kidnapping requires that the removal or confinement be accomplished through either "force, threat or fraud."  Tenn. Code Ann. § 39-13-301(2) (2003). The definition of fraud, upon which the State argues the conviction is based, includes deceit, trickery, misrepresentation, and subterfuge.  Tenn. Code Ann. § 39-11-106(13).  The proof established that the victim left her house because she had to go to the store to use a pay phone.  En route to the store, she saw the transport truck and recognized the driver as the person she had spoken to earlier that morning.  Prior to this brief encounter, the driver and the victim were total strangers. The victim testified that she walked "up to the truck" and "[t]hey asked me where I was going.  I told them to the store; and he told me to get in, he'll take me."[1]  The victim then testified that although she was only two blocks from the store, she got into the truck.

On appeal, the Appellant contends that the evidence shows that the victim got into the truck "willingly."  The State argues that the victim was "lured into the cab."  The majority concludes that fraud is established upon "an intricate plan to deceive the victim."  Moreover, as apparent authority for this position, the majority cites to *State v. Edward Coleman and Sean Williams*, No. W2001-01021-CCA-R3-CD (Tenn. Crim. App. at Jackson Nov. 7, 2002), perm. to app. denied, (Tenn. Mar. 10, 2003).   The *Coleman* court, however, found the opposite and reversed the defendant's convictions for especially aggravated kidnapping based upon the lack of fraud.  The proof in *Coleman* involved the planned murder of an unsuspecting victim by four of the victim's associates. The plan entailed driving the victim to a specified location and shooting him.  The defendants drove

---

[1] The identity of "they" is unclear as the victim testified that the other two men were not visible when she entered the truck.

to the victim's house, and one of the defendants asked the victim if he would like to go for a ride. The victim willingly got into the car. After driving to the selected location, the victim was murdered.

In addressing the issue of fraud, the court in *Coleman* observed:

As stated, our kidnapping statutes provide that the unlawful removal or confinement may be accomplished not only by "force" or "threat," but also by "fraud."

> The use of fraud as a substitute for force in effecting kidnapping implies false and fraudulent representations amounting substantially to a coercion of the will of the kidnapped person. In determining whether the person was coerced by fraud and inveiglement, the nature of the artifice employed and the age, education, and condition of mind must be taken into consideration, and ordinarily a false statement or representation is not of itself sufficient to constitute fraud.

51 C.J.S. Kidnapping § 1, p. 498 (1967). Here, we are unable to conclude that the defendants themselves, or through others, made false and fraudulent representations in order to entice the victim to get into the car.

. . .

We . . . agree with the state's argument that the victim would not have voluntarily gotten into the car had he known he would be killed; however, we do not believe this constitutes fraud as contemplated by the statute. . . . Under these circumstances, we are unable to conclude the victim was removed or confined by fraud.

*Id*.

I find the *Coleman* analysis applicable to this case. The focus is not whether the Appellant devised an "intricate plan to deceive the victim," but as observed in *Coleman*, whether the victim was fraudulently induced by means of false and fraudulent representations, amounting substantially to a coercion of the will of the victim to enter the truck.

After review, I am unable to conclude, as does the majority, that the victim's confinement was based upon fraudulent inducement. I find the victim got into the truck because she chose to and not because of any "trickery or deceit." I would agree that the victim would not have gotten into the truck had she known she would become the victim of a brutal assault; however, I do not find this constitutes fraud as contemplated by the statute. *See Coleman*, W2001-01021-CCA-R3-CD.

The majority's opinion also appears to hold that in the event the victim was not confined by fraud, the proof established that "she expressed her desire to leave but was kept in the truck by

physical force . . . as she was beaten and raped."[2] As stated in *Coleman*, "we recognize that removal or confinement may initially be with the consent of a victim, yet subsequently become unlawful and against the will of a victim." *Id; see also State v. Davis*, 656 S.W.2d 406, 409 (Tenn. Crim. App. 1983). However, in this case, as in *Coleman*, I find no evidence to establish that the victim ever tried or asked to leave the truck <u>before</u> the assault resulting in the attempted first degree murder conviction.[3] This conclusion adopts a theory different from that asserted by the State on appeal, *i.e.*, that confinement resulted from force not fraud. Moreover, it is well settled that confinement which is essentially incidental to the felonious assault of the victim, which resulted in the Appellant's conviction for attempted first degree murder, may not support a separate conviction for kidnapping. *State v. Anthony*, 817 S.W.2d 299, 306 (Tenn. 1991).

Accordingly, I find the evidence is insufficient to support the Appellant's conviction for especially aggravated kidnapping. In all other respects, I concur.

_____

DAVID G. HAYES, JUDGE

---

[2] The victim testified that she was forced to smoke crack cocaine by her captors and raped. The record does not reflect that the Appellant was ever charged with rape.

[3] In the prosecutor's closing arguments to the jury, he commented, "Especially aggravated kidnapping is they took her in that truck. She got in of her own accord, no doubt – biggest mistake she's probably ever made in her life, but once she was in there, they wouldn't let her go."