**James Andrew HAYNES, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

May 12, 1976.

Certiorari Denied by Supreme Court July 26, 1976.

Jean V. Humphrey and Kim A. Tollison, Legal Aid Clinic, University of Tenn., Knoxville (at trial), Kim A. Tollison, Knoxville (on appeal), for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., William L. Waters and John W. Gill, Jr., Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below appeals in error from his conviction of (1) rape and sentence to 75 years in the penitentiary and (2) kidnapping and sentence to two to five years concurrent with the rape sentence. He challenges the sufficiency of the evidence.

The defendant and Vivian Faye Haynes, parents of two children, were divorced February 1, 1974. The state's evidence showed that on August 2, 1974, he went to the place she worked in Knoxville, threw her into her own car, threatened her with a knife, drove to a rural field where he forced a beer bottle into her vagina. He then removed the bottle and forced her through fear to have sexual intercourse with him and to smoke marijuana. He then forced her to engage in unnatural sex acts. When he returned to Knoxville and released her, she made prompt complaint.

The defendant testified that they had been voluntarily engaging in sexual intercourse since their divorce and had discussed remarriage. On this occasion he said he went to her place of employment because he suspected her of cutting the brake line on his car and that he struck her for that reason and told her she was going to buy a new brake line for him. He says he shoved her into the car but had no knife and she wanted to ride around. By his testimony she consented to sexual intercourse and he did not force or threaten her.

Four of Mrs. Haynes' co-workers saw the defendant violently push her into her car. The jury believed her testimony that he forced her by threats and a knife to have sexual intercourse with him. Consent is a question for the jury. *King v. State*, 210 Tenn. 150, 357 S.W.2d 42. The evidence does not preponderate against the verdicts for kidnapping and rape. See *Cowan v. State*, 208 Tenn. 512, 347 S.W.2d 37.

The defendant contends the court erred by failing to order a mental examination under TCA 33–708 and 33–604 and in failing to give him a jury trial on that issue.

The court ordered a mental examination and a psychological examiner of the Helen Ross McNabb Center testified that he was competent to stand trial and that he was not dangerous to himself.

The defendant argues that TCA 33–708(b) requires that he be given the hospitalization hearings set out in TCA 33–604. The statute, however, specifically makes these proceedings dependent on the court determining by an initial showing that the defendant is dangerous or incompetent to stand trial because of mental illness. With the evidence before him, the trial judge found the defendant competent to stand trial. He did not err by denying the petition for further examination. The defendant was not entitled to a jury trial on the question of whether or not the petition should be granted. The jury trial may be had on the issues at the TCA 33–604 hearing once the petition has been granted. This assignment is overruled.

The defendant says the court should have dismissed the jurors present when the assistant district attorney general in addressing them remarked that one of the defense counsel was pregnant and might use that to sway the jury. These facetious remarks were obviously not intended to prejudice the jury and no juror would take them seriously. The court's comments dissipated any possible prejudice.

All assignments are overruled and the judgments are affirmed.

DWYER and DUNCAN, JJ., concur.