IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. WADE HENRY ALLEN MARSH

**Direct Appeal from the Criminal Court for Hamilton County
Nos. 214480, 218867      Stephen M. Bevil, Judge**

—————

**No. E1998-00057-CCA-R3-CD - Decided May 8, 2000**

—————

The defendant, Wade Henry Allen Marsh, was convicted of one count of rape and one count of attempted rape. In this appeal, he challenges the sufficiency of the evidence and argues that the trial court erred by refusing to allow testimony that the victim had a sexually transmitted disease at the time of the offenses and by allowing the state to cross-examine about his sexual battery guilty plea involving the same victim.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J., delivered the opinion of the court, in which WELLES and HAYES, JJ., joined.

Ardena J. Garth, District Public Defender, 11th Judicial District (on appeal), Donna Robinson Miller, Assistant District Public Defender (on appeal), and Christian J. Coder, Assistant District Public Defender (at trial), Chattanooga, Tennessee, for the appellant, Wade Henry Allen Marsh.

Paul G. Summers, Attorney General & Reporter, Elizabeth Marney, Assistant Attorney General, William H. Cox, District Attorney General, and Claire H. Brant, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Wade Henry Allen Marsh, was convicted of rape and attempted rape.[1] The trial court imposed concurrent sentences of ten years for the rape and five years for the attempted rape. In this appeal of right, the defendant challenges the sufficiency of the evidence and asserts that the trial court erred by disallowing evidence that the victim had a sexually transmitted disease at the time of the offenses and by allowing the state to cross-examine about a prior guilty plea to a sexual battery charge involving the same victim. We find no error and affirm the judgment of the trial court.

---

[1]The indictment charges the defendant with "attempt rape" and the judgment entered by the trial court on that charge contains the same language.

In 1995, the fifteen-year-old victim[2] lived with Patricia Ball, a social worker at Bethel Bible Village and a friend of her mother. Because she objected to many of the Ball household rules, the victim moved to the residence of the defendant, her natural father. At the time, the defendant shared a residence with his girlfriend, her daughter from a previous relationship, and a son born to the defendant and his girlfriend. Before Christmas, about one month after the victim's arrival, the defendant asked the victim into his bedroom to watch television. When the victim lay on the bed, the defendant tried to kiss her on the mouth using his tongue. When the victim objected, the defendant persisted and then removed her pants and panties. The defendant attempted to have intercourse but failed. The defendant then performed oral sex on the victim and asked that she do the same. The victim refused. When the defendant's girlfriend returned to the residence, the defendant quickly put his clothes back on and instructed the victim not to tell anyone what had happened. There were no other sexual encounters between the defendant and the victim. The following summer, the defendant insisted that the victim move out of his home. The victim did not report the incident to authorities until January of 1997, when she informed a friend and a teacher.

I

The defendant maintains that the evidence is insufficient to support his convictions because the victim did not testify that he used force. The state asserts that the victim did not consent to the encounter and that force was present.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn.1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn.1983). This court may neither reweigh nor reevaluate the evidence; nor may this court substitute its inferences for those drawn by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (Tenn.1956). The evidence is sufficient when a rational trier of fact could conclude that the defendant is guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). The defendant has the burden of demonstrating that the evidence is not sufficient when there is a challenge to the sufficiency of the evidence. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn.1982).

The crime of rape is statutorily defined as follows:

(a) Rape is unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:

---

[2]It is the policy of this court not to reveal the name of a minor who has been the victim of a sex crime.

(1) Force or coercion is used to accomplish the act;

(2) The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;

(3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or

(4) The sexual penetration is accomplished by fraud.

Tenn. Code Ann. § 39-13-503. The inchoate crime of attempt is defined as follows:

(a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

(1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

(b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense.

(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

Tenn. Code Ann. § 39-12-101.

Traditionally, force has been defined as follows:

"Force" means compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title.

Tenn. Code Ann. § 39-11-106(a)(12); see also State v. McKnight, 900 S.W.2d 36, 48 (Tenn. Crim. App. 1994).

In this case, there is no evidence of force within the meaning of the term's statutory definition. The victim acknowledged that the defendant said nothing during the encounter. There were no threats of physical harm. She conceded that she did not resist the defendant or try to escape.

-3-

While the state contends that the defendant "forced [the victim's] legs apart," the record establishes that the victim stated only that the defendant "opened [her] legs and got between her." The state also asserts that the defendant used force to straddle the victim's head while performing oral sex on her. Yet, there was simply no testimony that the defendant used any degree of force in positioning himself in this manner.

In support of his position, the defendant relies on State v. Watkins, 754 S.W.2d 95 (Tenn. Crim. App. 1988). In Watkins, the defendant was convicted of rape and incest. On appeal, this court reversed the rape conviction because there was no evidence of force against the victim, the defendant's seventeen-year-old daughter; in fact, the victim testified that the defendant had used no force or threats, and conceded that she had offered no resistance.

Historically, proof of force was required to sustain a rape conviction under Tennessee law. See, e.g., Lundy v. State, 521 S.W.2d 591, 593 (Tenn. Crim. App. 1974) ("Unquestionably, the act to constitute rape must be forcibly done and against the will of the female."). Effective July 1, 1995, however, the General Assembly amended Tennessee's rape statute so as to include within the definition of rape any sexual penetration without the consent of the victim, whether accomplished by force or not. See Tenn. Code Ann. § 39-13-503. In view of the amendment, the defendant's reliance on Watkins, a pre-amendment case, is misplaced. Under current law, a showing of lack of consent by the victim is sufficient to sustain a rape conviction.

In our view, the evidence was sufficient to establish that the defendant sexually penetrated the victim without her consent and that he knew or had reason to know that she did not consent. According to the victim, the defendant had asked her to have sex on prior occasions. When he offered to purchase things for her in return for sex, she refused. Furthermore, the victim told the defendant to stop kissing her and refused to perform oral sex. At trial, the victim contended that she was shocked by the occurrence and that she did not want to have sex with the defendant.

The issue of consent is a question for the jury. Haynes v. State, 540 S.W.2d 277, 278 (Tenn. Crim. App. 1976). Non-resistance is not consent. See Lundy, 521 S.W.2d at 594. Here, the jury accredited the victim's testimony. Consequently, there is sufficient evidence to establish that the defendant knew or should have known that his sexual advances upon the victim were not welcome. The same rationale would apply to the attempted rape conviction.

II

The defendant next asserts that the trial court erred by refusing to allow evidence that the victim had gonorrhea at the time of the sexual encounter. The state maintains that the defendant has waived the issue by failing to comply with the requirements of the rape shield law. See Tenn. R. Evid. 412(d). Our review of the exclusion of this evidence is subject to an abuse of discretion standard. In our view, the evidence was properly excluded.

Modern rape shield laws attempt to strike a balance between a sexual offense victim's need for protection from unwarranted intrusions into her sexual history and a criminal defendant's right to a fair trial. In State v. Sheline, 955 S.W.2d 42, 46 (Tenn. 1997), our supreme court made

the following observations regarding the role of rape shield laws:

> Rape shield laws were adopted in response to anachronistic and sexist views that a woman who had sexual relations in the past was more likely to have consented to sexual relations with a specific criminal defendant. Those attitudes resulted in two rape trials at the same time – the trial of the defendant and the trial of the rape victim based on her past sexual conduct. It has been said that the victim of a sexual assault is actually assaulted twice – once by the offender and once by the criminal justice system. The protections in rape shield laws recognized that intrusions into the irrelevant sexual history of a victim were not only prejudicial and embarrassing but also a practical barrier to many victims reporting sexual crimes. As the comments to Tennessee's rape shield law (Rule 412) observe:
>
>> [T]he rule . . . takes into account that the public's interest in prosecuting and convicting people guilty of various sexual offenses is frustrated when sexual assault victims refuse to report the offenses or to testify about them at trial because of the possible admission of evidence of their sexual history. Moreover, the rule seeks to minimize the likelihood that evidence of the alleged victim's sexual history may cause the jury to be unfairly prejudiced against the victim.
>
> At the same time, rape shield laws recognize those circumstances in which the admission of such evidence, despite its potentially embarrassing nature, must be admitted to preserve an accused's right to a fair trial.

Id. at 44-45 (citations omitted).

Tennessee's rape shield law is embodied in Rule 412 of the Tennessee Rules of Evidence, which provides in pertinent part as follows:

> (b) Reputation or Opinion. Reputation or opinion evidence of the sexual behavior of an alleged victim of such offense is inadmissible unless admitted in accordance with the procedures in subdivision (d) of this rule and required by the Tennessee or United States Constitution.
>
> (c) Specific Instances of Conduct. Evidence of specific instances of a victim's sexual behavior is inadmissible unless

admitted in accordance with the procedures in subdivision (d) of this rule, and the evidence is:

(1) Required by the Tennessee or United States Constitution, or

(2) Offered by the defendant on the issue of credibility of the victim, provided the prosecutor or victim has presented evidence as to the victim's sexual behavior, and only to the extent needed to rebut the specific evidence presented by the prosecutor or victim, or

(3) If the sexual behavior was with the accused, on the issue of consent, or

(4) If the sexual behavior was with persons other than the accused,

(i) to rebut or explain scientific or medical evidence, or

(ii) to prove or explain the source of semen, injury, disease, or knowledge of sexual matters, or

(iii) to prove consent if the evidence is of a pattern of sexual behavior so distinctive and so closely resembling the accused's version of the alleged encounter with the victim that it tends to prove that the victim consented to the act charged or behaved in such a manner as to lead the defendant reasonably to believe that the victim consented.

Tenn. R. Evid. 412(b), (c). "Sexual behavior," as that term is used in Rule 412, is defined to mean "sexual activity of the alleged victim other than the sexual act at issue in the case." Tenn. R. Evid. 412(a).

When the defense intends to offer evidence of a victim's prior sexual behavior, whether it is reputation or opinion evidence or evidence of specific instances of conduct, the defendant must file a written motion which, if sufficient, will lead to a closed hearing on the matter:

(d) Procedures. If a person accused of an offense covered by this Rule intends to offer under subdivision (b) reputation or opinion evidence or under subdivision (c) specific instances of conduct of the victim, the following procedures apply:

(1) The person must file a written motion to offer such evidence.

    (i) The motion shall be filed no later than ten days before the date on which the trial is scheduled to begin, except the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case.

    (ii) The motion shall be served on all parties, the prosecuting attorney, and the victim; service on the victim shall be made through the prosecuting attorney's office.

    (iii) The motion shall be accompanied by a written offer of proof, describing the specific evidence and the purpose for introducing it.

(2) When a motion required by subdivision (d)(1) is filed and found by the court to comply with the requirements of this rule, the court shall hold a hearing in chambers or otherwise out of the hearing of the public and the jury to determine whether evidence described in the motion is admissible. The hearing shall be on the record, but the record shall be sealed except for the limited purposes of facilitating appellate review, assisting the court or parties in their preparation of the case, and to impeach under subdivision (d)(3)(iii).

(3) At this hearing

    (i) The victim may attend in person,

    (ii) The parties may call witnesses, including the alleged victim, and offer relevant evidence, and

    (iii) The accused may testify but the testimony during this hearing may not be used against the accused in the preliminary hearing, trial, or other proceeding, except that such testimony may be admissible to impeach the credibility of the defendant if the defendant elects to testify at the preliminary

> hearing, trial, or other proceeding.
>
> (4) If the court determines that the evidence which the accused seeks to offer satisfies subdivisions (b) or (c) and that the probative value of the evidence outweighs its unfair prejudice to the victim, the evidence shall be admissible in the proceeding to the extent an order made by the court specifies the evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

Tenn. R. Evid. 412(d).

In our view, the resolution of this issue depends on whether evidence that the victim had gonorrhea at the time of her sexual encounter with the defendant is evidence of "sexual behavior" as defined by Tennessee Rule of Evidence 412. The defendant maintains that it is not. We disagree. Proof that a sexual assault victim has or has had a sexually transmitted disease is evidence of the victim's "sexual behavior" within the meaning of Rule 412. In consequence, the trial court correctly relied upon Rule 412 in determining this issue.

While Rule 412's definition of "sexual behavior" does not make specific reference to sexually transmitted diseases, it is broad enough to encompass them:

> This definition [of "sexual behavior"] is quite broad in recognition of the important privacy interests and variety in our citizens' sexual lives. The term sexual behavior embraces all types of sexual conduct, including heterosexual and homosexual behavior. It also deals with sexual intercourse as well as every other variety of sexual expression. It may include fetishes as well as pre- and post- intercourse behavior.

Neil P. Cohen, et al., Tennessee Law of Evidence § 412.2, at 241 (3d ed. 1995). Indeed, the Tennessee supreme court has specifically recognized the breadth of Rule 412 in determining that it encompasses conduct that is not necessarily sexual in nature:

> Although kissing does not necessarily have a sexual connotation, the trial judge ruled on this testimony under Rule 412. Sexual behavior is defined in Rule 412 as "sexual activity of the alleged victim other than the sexual act at issue in the case." This broad definition "deals with sexual intercourse as well as every other variety of sexual expression."

Sheline, 955 S.W.2d at 48 n.6 (citations omitted). Other jurisdictions have treated proof of a victim's sexually transmitted disease history as evidence of prior sexual behavior. See, e.g., State v. Mitchell, 586 N.W.2d 493, 496 (Iowa 1997) (treating evidence that victim tested positive for gonorrhea shortly after sexual assault as evidence of victim's "past sexual behavior" under Iowa Rule of Evidence 412);

State v. Gilliland, 902 P.2d 616, 620 (Or. Ct. App. 1995) (excluding victim's statements about prior treatments for sexually transmitted diseases as evidence of victim's "past sexual behavior" under Oregon Evidence Code 412); Smith v. State, 737 S.W.2d 910, 915 (Tex. Ct. App. 1987) (analyzing proffered evidence that victim had gonorrhea on date of rape exam as evidence of victim's "previous sexual conduct" under Texas rape shield law); State v. Jarry, 641 A.2d 364, 366 (Vt. 1994) (analyzing proffered evidence that victim had chlamydia on date of rape exam as evidence of victim's "prior sexual conduct" under Vermont rape shield law).

Furthermore, the trial court did not abuse its discretion by excluding proof that the victim had gonorrhea. Immediately prior to trial, the state filed a motion to exclude all evidence of the victim's sexual behavior and cited to the defendant's failure to file a Rule 412 motion. The trial court inquired as to whether the defendant intended to introduce evidence of the victim's sexual behavior "in any way." In response, defense counsel said, "I – at this point in time I had not planned to introduce any evidence to her sexual nature." As a result, the trial court sustained the state's motion. On the second day of trial, the issue arose again. At that time, the defendant's wife, who was the defendant's girlfriend at the time of the events at issue, testified that the victim had gonorrhea when she first moved into the defendant's home. She confirmed that the victim received medical treatment for that condition. The state immediately objected. In a jury-out hearing, defense counsel maintained that the evidence was being offered to show that the sexual encounter at issue did not occur. He offered no further explanation.

In this appeal, the defendant, who never contracted gonorrhea, maintains that evidence that the victim had the disease was a circumstance suggesting that no sexual encounter had taken place. In other words, the defendant argues that he would have contracted gonorrhea if he had had sex with the victim. The only proof in the record is that the victim had the disease in November of 1995, when she moved into the defendant's residence. There is no evidence with regard to how long the victim had the disease or when she was treated for it. That is, there is no direct proof that the victim actually had gonorrhea at the time of the sexual encounter with the defendant. Nor is there any evidence as to the strain of gonorrhea the victim had, how gonorrhea is transmitted, or the rate at which gonorrhea is transmitted from women to men. As such, evidence of the victim's gonorrhea would have been properly excluded as irrelevant even had the defendant complied with Tennessee Rule of Evidence 412. See Tenn. R. Evid. 402; Smith, 737 S.W.2d at 915 ("[The defendant] was not able to prove that the mere fact that the [victim] had gonorrhea would have resulted in the transmission of gonorrhea to anyone with whom she had sexual contact. As a result, we cannot say that the evidence of the [victim's] gonorrhea was material to the fact issue at the trial.").

The defendant relies on State v. Fears, 659 S.W.2d 370 (Tenn. Crim. App. 1983). In our view, the ruling in Fears does not support the defendant's argument that the jury should have heard proof of the victim's gonorrhea. In Fears, the defendant was charged with aggravated rape. At trial, the state presented evidence that the defendant and the five-year-old victim had gonorrhea at the same time. The victim claimed that the defendant put his penis in her vagina and in her mouth. When the victim was examined by a doctor, she was diagnosed with gonorrhea. A culture also revealed the presence of gonorrhea in the victim's throat. Two days after the victim's diagnosis, the

defendant sought treatment for gonorrhea.

In <u>Fears</u>, there was medical evidence introduced at trial establishing, among other things, how one might contract gonorrhea.  Nothing here made the claims of the defense material to the central issue.

III

Finally, the defendant asserts that the trial court erred by allowing the state to cross-examine him about his prior plea of guilt to a sexual battery charge arising out of a separate incident with the same victim.  The defendant did not make a contemporaneous objection to the testimony even though there was a bench conference requested by the state at the time the proof was offered.  Further, the defendant did not raise the issue in his motion for new trial.  As a result, the issue has been waived.  <u>See</u> Tenn. R. App. P. 3(e), 36(a).

Accordingly, the judgment of the trial court is affirmed.